GEORGE ALLEN ET AL. v. JOHN H. HALL.*

FILED MARCH 19, 1902. No. 11,248.

Commissioner's opinion, Department No. 2.

1. Real Estate Agent: ORAL AGREEMENT: STATUTE OF FRAUDS. A verbal contract with an agent or broker to sell land for the owner thereof, is void under the statute of frauds, and it requires the voluntary act of both parties thereto to completely execute it, so to take it out of the operation of the statute.

2. Tenant: LANDLORD'S TITLE. A tenant who leases land, enters into the possession thereof, cultivates it, raises the crops thereon, converts them to his own use, and is not disturbed in his possession by any one claiming by paramount title, can not plead want of title in his landlord as a defense to an action for the rent.

3. Instructions: ERROR WITHOUT PREJUDICE. The giving of an instruction which is fairly within the issues raised by the pleadings and the evidence produced on the trial, and which the record shows did not mislead the jury, though not technically correct, is error without prejudice.

4. Evidence: STATEMENT BY PARTY: HEARSAY. Statements made by

*Rehearing allowed. Judgment below reversed.

a party to a suit, to a third person, may be received in evidence against him, and are not open to the objection that they are hearsay evidence.

ERROR from the district court for Scott's Bluff county. Tried below before GRIMES, J. *Affirmed.*

*T. M. Morrow,* for plaintiffs in error.

*F. A. Wright, contra.*

BARNES, C.

This action was commenced by the defendant in error, who will hereafter be called "defendant," in the district court for Scott's Bluff county to recover the sum of $107.20, alleged to be the rental value of certain land leased by the defendant to the plaintiffs in error during the year 1897. The plaintiffs, in their answer, attempted to plead three defenses, as follows: First, they admitted that they rented and cultivated the land described in defendant's petition, but alleged that they only agreed to pay whatever they thought proper; that the land was wild and uncultivated; that it took an extra amount of labor to cultivate it and raise the crops thereon; and that therefore there was nothing due to the defendant; second, that subsequent to the time they leased the premises they entered into a verbal agreement with defendant that if they would procure a purchaser for the land at a stipulated price the defendant would give them any interest he might have in the crop; that they did procure a purchaser, who bought the land at the price mentioned, and that thereupon all the interest defendant had in the crop vested in them, and that they appropriated the same to their own use under said agreement, and that defendant was thereby estopped from asserting any ownership thereto; third, that while the crops were growing on the land defendant sold and conveyed it by warranty deed to another, and thereby conveyed away all his right, title and interest in said crop, if he ever had any, to said third person, and that he had

no interest therein at the time of bringing his action. The reply to this answer was a general denial. The case was tried, and the jury returned a verdict for the defendant herein for the sum of $40. A motion for a new trial was overruled, judgment was entered on the verdict, and the plaintiffs in error bring the case to this court for review.

1. They contend that the court erred in striking out and rejecting all of the evidence in relation to the second defense, to wit, the defense of their verbal contract to act as agents or brokers to procure a purchaser for the land, and have, as compensation therefor, all of the defendant's interest in the crop. The record shows that the court heard all of the evidence on this question, and afterwards struck the same out and refused to submit that question to the jury. At the time the alleged verbal contract was entered into section 74 of chapter 73 of the Compiled Statutes was in force. That section is as follows: "Every contract for the sale of lands, between the owner thereof, and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." Plaintiffs in error in their argument admit the force of this statute, and concede that, if the contract was not fully executed at the time the action was commenced, they could not recover thereon. They contend, however, that the contract was (to use their language) fully executed, because they had possession of the defendant's portion of the crop; that, having such possession, it was not necessary for the defendant to deliver it to them, and therefore they paid themselves, though contrary to the defendant's wishes, and the contract became fully executed. The fallacy of this position is that the plaintiff's possession of the defendant's rental share of the crop did not arise under, or grow out of, this void contract. It arose upon, and was incident to, the valid contract for the leasing of the land. It would be a travesty

to say that plaintiffs could keep the defendant's share of the crop against his will, and by reason of such forcible and wrongful action, so taken without his consent and against his protest, compel him to execute the void contract, and then say to him, "You have executed the contract which you repudiated as void, and therefore can not recover the rental value of the land." The complete execution of a contract necessary to take it out of the statute of frauds must be the voluntary act of both parties thereto. Again, the evidence was hardly sufficient to sustain this verbal contract, and for these reasons we hold that the court did not err in striking the evidence out of the record and refusing to submit this question to the jury.

2. It is contended that the court erred in sustaining the objections to the introduction of the deed, by which defendant conveyed the land to one Effert, and in thus depriving the plaintiffs of their third defense. They admit that they leased the land of the defendant, who was the owner of it at that time; that they cultivated it, raised the crops thereon, harvested them and converted them to their own use. They do not plead eviction by any one, or that they were disturbed in their leasehold estate, or that they were compelled to attorn to any one with a paramount title. Under these facts their answer did not state a defense, and they are strictly within the rule of *Nissen v. Turner*, 50 Nebr., 272, and *Mosher v. Cole*, 50 Nebr., **636**, which held that where the lessee held the land under his lease, and had not been disturbed in his possession, and that there had been no eviction by paramount title, he could not plead want of title in his landlord as a defense to the payment of the rent. The court did not err in excluding this evidence.

3. It is contended that the court erred in giving the fourth paragraph of his instructions to the jury. We have examined the record in connection with this instruction, and, while it may not have been accurately and carefully worded, it was fairly within the pleadings and the evidence, and did not have any tendency to mislead the jury.

They certainly were not misled by it, for the verdict was for only $40, when it might have been for $107.20, and not excessive. The giving of this instruction, if error at all, was error without prejudice.

4. The errors complained of in the admission of evidence having been carefully examined by us, we find that it is contended that the court erred in receiving the evidence of the witness Lee, because it is claimed that he got his information second hand, and that his testimony was hearsay evidence. It is a sufficient answer to this objection to say that the evidence complained of was the statements made by the plaintiffs themselves to the witness, in relation to the kind and amount of crops raised upon the land in question. The statements of a party, against his own interests, are always admissible in evidence against him.

A careful reading of the bill of exceptions shows that there was no substantial error in receiving or rejecting evidence. The judgment in this case is right, and we recommend that it be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.