OLON P. BAKER v. GEORGE K. GILLAN.

FILED APRIL 9, 1903. No. 12,792.

1. **Legislation:** CLASSIFICATION OF OBJECTS. It is competent for the legislature to classify objects of legislation, and if the classification is reasonable, and not artificial or arbitrary, it will be upheld as a legitimate exercise of legislative power.

2. ————: CONTRACT FOR SALE OF REAL ESTATE: CONSTITUTIONAL LAW. The act of 1897 (Session Laws, 1897, ch. 57), entitled "An act to provide for the making of contracts in writing between owners of land and brokers or agents employed to sell lands," is not repugnant to the constitutional inhibition against special legislation; and every provision of said act is clearly expressed in its title.

ERROR to the district court for Fillmore county: GEORGE W. STUBBS, DISTRICT JUDGE. *Affirmed.*

*Henry H. Wilson* and *Elmer W. Brown*, for plaintiff in error.

*John Barsby, contra.*

SULLIVAN, C. J.

This action was brought by Baker against Gillan to recover the sum of $100 claimed to be due as a land agent's commission. It appearing from the petition that the alleged contract of agency was not in writing, the court held that the facts pleaded did not constitute a cause of action and gave judgment on the merits in favor of the defendant.

The only question suggested by the petition in error and discussed in the briefs is whether an oral agreement like the one upon which plaintiff relies is valid and enforceable. The first section of the act of 1897 (Session Laws, 1897, p. 304), is as follows: "Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." It is conceded that the case falls within the provisions of this section, and that if the law is constitutional the judgment is right. We think the law is constitutional, and that the argument in support of the claim that it is special legislation is obviously unsound. It is, of course, competent for the legislature to classify objects of legislation; and if the classification is reasonable, and not artificial or arbitrary, it will be upheld as a legitimate exercise of legislative power. The statute here considered is only a new instance of the exercise of that power. It may be that it is without exact precedent, but it has many familiar analogies in the legislation of this and other states. It is no more special legislation than are those provisions of the statute of frauds which require certain contracts to be evidenced by writing. It is, in fact, a virtual extension or enlargement of the statute of frauds, and like that statute was designed to prevent the bringing of actions which experi-

ence had shown were often conceived in fraud and maintained by perjury. It purports to be, and it is, a general law; its operation is uniform throughout the state; it affects alike all persons under the same conditions and circumstances; and, its object being the suppression of an evil believed to be peculiarly connected with the class of contracts with which it deals, it is not, in our judgment, open to the constitutional objection urged against it. *Livingston Loan & Building Ass'n v. Drummond,* 49 Neb. 200, 205; *State v. Farmers & Merchants' Irrigation Co.,* 59 Neb. 1.

The title of the act being "An act to provide for the making of contracts in writing between owners of land and brokers or agents employed to sell lands," is certainly broad enough to cover the provision relating to the landagents' compensation, and the contention that the whole subject of legislation is not clearly expressed in the title is therefore overruled. *Rosenbloom v. State,* 64 Neb. 342.

The judgment is

AFFIRMED.