ABRAM L. COVEY V. ANDREW J. HENRY.

FILED FEBRUARY 4, 1904. No. 13,360.

1. **Real Estate:** SALE: CONTRACT. A verbal contract with an agent or broker to sell land for the owner or to obtain a purchaser therefor is void.
2. **Petition.** SUFFICIENCY. A failure to state a cause of action in the petition can not be cured by averments in the reply.
3. ———: DEMURRER. Petition examined, and *held* not to state a cause of action.

ERROR to the district court for Howard county: JAMES N. PAUL, JUDGE. *Affirmed.*

*A. A. Kendall,* for plaintiff in error.

*T. T. Bell, contra.*

FAWCETT, C.

This case was originally commenced in the county court of Howard county, to recover the sum of $200, which plaintiff claimed to be due him from the defendant as a commission for finding a purchaser for defendant's land.

On the same day that plaintiff filed his petition in the county court, defendant filed an answer substantially admitting the allegations of plaintiff's petition, but claiming that one Harry L Cook also claimed to have produced the purchaser for said land and demanded the commission, and alleging that he was unable to determine which of said parties was entitled to the commission, and deposited $200 in court, asking the court to determine the right of the parties to said money. On the next day the parties both appeared in county court, by their attorneys, and defendant asked leave to withdraw his answer and deposit, which leave was granted, and the answer and deposit were withdrawn. Subsequently, plaintiff filed an amended bill of particulars, to which an answer was filed, and, without any reply to said answer, the parties went to trial in the county court before a jury, which resulted in a verdict and judgment for the plaintiff for the sum of $150, from which the defendant appealed to the district court. In the district court the plaintiff filed his petition, which was an exact duplicate of the amended bill of particulars filed in the court below, and is as follows:

"Comes now the above named plaintiff and, for cause of action against the defendant, alleges, that on or about the — day of June, 1901, or some time previous thereto, the defendant was the owner of the south half of section eight, in township fifteen north of range ten west of the 6th principal meridian, in Howard county, Nebraska.

"That on or about that time the defendant, being desirous of selling said land, entered into an oral agreement with the plaintiff, and agreed that if the plaintiff would find a purchaser for said land, who would buy the same from the defendant, he, the defendant, would pay the plaintiff, for so doing, the sum of $200, and defendant stated his price for said land to be the sum of $8,000. .

"That thereafter, to wit: on or about the 28th day of August, 1901, the plaintiff did find a purchaser for said land, viz.: one Charles Sumovich, and plaintiff took said Sumovich to said land and showed him the said land, and

the said Sumovich made a close and careful examination of said land; and was satisfied with the said land, and told plaintiff that he would go home and make arrangements for the money to pay for said land with, and would return to the defendant herein and would buy said land from the defendant.

"That the plaintiff then told the defendant that he had found a purchaser for said land, and told him what said Sumovich had said, and told him that said Sumovich would return, as he had said he would, and that he would buy said land from the defendant, and the defendant was then satisfied with said arrangement.

"That thereafter, on or about the 24th day of September, said Sumovich did return to St. Paul, and did go to said defendant as he had said he would, and he did buy said land from the defendant as he had said he would, and defendant sold said land to said Sumovich for the sum of $8,500.

"That, on the 25th day of September, the plaintiff, not knowing that said sale had been made, again called upon the defendant and told him that said Sumovich was in town, and that he had come to buy said land, and said defendant again promised, orally, that if said Sumovich did buy said land, he, the defendant, would pay the plaintiff the said sum of $200. That the defendant knew at that time that he had sold said land to said Sumovich, but concealed the fact from the plaintiff.

"Wherefore, the plaintiff says there is now due him from the defendant the sum of $200, agreed as aforesaid to be paid by the defendant, which the defendant refuses to pay, though often requested so to do, and for which sum the plaintiff prays judgment, and for the costs of this suit."

An answer was filed to this petition, a reply to the answer, and a trial had in the district court, which resulted in a verdict for the plaintiff for $100, which verdict, on motion of defendant, was set aside and a new trial ordered. Plaintiff then, by leave of court, filed an amended

reply. The first paragraph of the reply is a general denial. The second paragraph alleges that the law, requiring contracts between the owners of land and agents authorized to sell the same to be in writing, does not apply to such contracts as the one between plaintiff and defendant. The third paragraph alleges that said law is against public policy and, therefore, unconstitutional and void. The fourth paragraph alleges that the defendant waived the defense of the statute of frauds, by the filing of the answer and making the deposit in the county court, hereinbefore referred to. The fifth paragraph alleges that the making of said answer and the deposit of said money in the county court constituted a new contract, which related back to the original contract, and that said original contract was, therefore, taken out of the statute of frauds, and defendant ought not now to be allowed to plead said statute. The sixth paragraph is, in substance, the same as the fifth. The seventh paragraph alleges that defendant, having accepted the services of plaintiff, and having accepted that part of said contract which was beneficial to himself, should not now be allowed to repudiate that part of the contract which is detrimental to himself.

Defendant then filed a motion to strike from the amended reply all of paragraphs four to seven, both inclusive, for various reasons set out in the motion. This motion was overruled. Thereupon defendant filed the following demurrer:

"Comes now the defendant and demurs generally to the amended reply of the plaintiff filed herein, for the reason that neither the amended reply nor the petition, nor both, state a cause of action in favor of the plaintiff and against the defendant."

The demurrer was sustained, and plaintiff electing to stand on his petition and amended reply, the cause was dismissed at the cost of plaintiff.

There are six assignments of error, but they are all practically included in the first and second assignments: that the court erred in sustaining the demurrer to the

reply and petition, and erred in dismissing plaintiff's cause of action.

While the defendant, in his demurrer, says that he "demurs generally to the amended reply of the plaintiff filed herein," yet the trial court and the parties to the action seem to have treated it as a demurrer to both the reply and petition, and we shall treat it in the same manner.

Defendant, in support of his demurrer, relies upon section 74, chapter 73, Compiled Statutes (Annotated Statutes, 10258), which reads:

"Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent."

He contends that plaintiff's petition, upon its face, shows that his agreement with defendant was an oral agreement for the sale of lands, and does not allege any facts which would in any manner take the contract out of the statutory prohibition; that the petition does not state a cause of action, and that this defect in the petition could not be cured by any averments in the reply. The rule of practice contended for by defendant, that a cause of action can not be pleaded in the reply, is so well settled, that a citation of authorities is unnecessary, and if plaintiff must rely upon the allegations of waiver in his reply, he must fail in this action.

Plaintiff contends that the allegations contained in the last paragraph of his petition, taken in connection with his allegations as to the original oral agreement, take the case out of the statute, and entitle him to recover on the theory that "a past consideration is sufficient to support a promise, where the consideration was performed in pursuance to a previous request"; and relies chiefly on *Stuht v. Sweesy*, 48 Neb. 767, to sustain his contention. The rule of law here invoked is not only sound, but a well

established rule, and if it can be applied to this case it would entitle plaintiff to a reversal, and to an opportunity to have his case tried upon the merits in the district court. We have carefully examined *Stuht v. Sweesy,* but the facts in that case are so radically different from the facts in the case at bar that it can not be accepted as authority here. In *Stuht v. Sweesy,* Stuht had agreed in advance that a party wall should be built upon the lot line; he went with Sweesy to the architect and suggested various changes in the plans and specifications, so that the wall, when completed, would inure directly to his benefit, in the use of a building which he purposed subsequently to construct in connection with the said party wall. Sweesy made the changes in the plans and specifications suggested by Stuht, and went on and constructed the wall, Stuht inspecting it from time to time as the work proceeded, and being satisfied therewith. After the wall was constructed, Stuht promised to pay Sweesy for one-half the cost of construction of the wall up to and including the third story, according to the terms of an agreement which had formerly been made with one Chapman, which promise he subsequently failed to make good, and suit was brought to recover the amount. On the trial, Stuht sought to escape under the contention that the promise was within the statute of frauds and void because not in writing. In the opinion Mr. Commissioner IRVINE says:

"Whether a promise in such a case is within the statute of frauds we need not inquire. If it were it would be, in this case, taken out by part performance."

Sweesy was permitted to recover. We are unable to see how we can apply the rule, which was properly applied in that case, to the case at bar.

The section of the statute above set out is plain and unambiguous. The reasons which impelled the legislature to pass that act are well known to the courts and the profession generally. Innumerable suits were being instituted, from time to time, by agents and brokers, after

the owners of lands had sold the same, claiming a commission, on the ground that they had been instrumental in securing the purchaser; and, in many cases, owners of land were compelled to pay double commission on account of such claims. In order to prevent such disputes and protect property owners in just such cases as the one we are now considering, the legislature passed this act.

In considering a code provision similar to this section of our statute, the supreme court of California in *McCarthy v. Loupe,* 62 Cal. 299, say:

"Since the code, under the provisions of section 1624, an agreement authorizing or employing an agent or broker to purchase or sell real estate for a compensation or commission, can only be proved by the introduction of an instrument in writing."

In *Allen v. Hall,* 64 Neb. 256, in a very clear opinion by Commissioner BARNES, this court upheld this section of the statute, and applied it to a case where the facts were fully as strong, if not stronger, than those set out in plaintiff's petition in this case. See, also *Baker v. Gillan,* 68 Neb. 368; *Spence v. Apley,* 4 Neb. (Unof.) 358.

Plaintiff in error contends that there is a distinction between an agent to sell land and an agent to find a buyer; that in the one case the agent has power to make the sale and bind his principal, while in the other he has not. As between the seller and the agent this is a distinction without a difference, for in either case, if there were a valid employment, the seller would be liable to the agent for his commission if he made a sale, or found a buyer. The only difference to be found in this distinction is that, in the former case, the buyer could demand performance by the seller, while in the latter case he could not. But, it is apparent that this statute was not enacted to aid buyers in the enforcement of their contracts of purchase. It was designed, simply, to put an end to the ceaseless disputes and innumerable suits that were constantly arising between the owners of lands and curbstone brokers. The cases of *McCarthy v. Loupe* and *Allen v. Hall, supra,* were

both cases in which the plaintiffs claimed to have been employed to secure purchasers, and are therefore decisive of this question. The contention of plaintiff in error that the defendant, having received the benefit of plaintiff's services, can not be relieved of his liability to pay for the same, is also disposed of adversely to plaintiff's contention in *McCarthy v. Loupe, supra*.

We think the statute a wise one, and that it applies to the case at bar: that the allegations contained in the last paragraph of plaintiff's petition are not sufficient to relieve him from the provisions thereof; and, this being so, that the petition could not be aided by any averments in the reply; that, not having pleaded the estoppel (if any there were), by reason of the answer and deposit of defendant in the county court, in his amended bill of particulars in that court, he could not plead it in the district court and can not raise the question here.

The judgment of the trial court was therefore right and should be affirmed, and we so recommend.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.