FREDERICK DANIELSON V. JOHN J. GOEBEL.

FILED MARCH 2, 1904.  No. 13,368.

1. **Contract for Sale of Land:** VALIDITY. Under the provisions of section 74, chapter 73, Compiled Statutes, 1901, a contract for the sale of land between the owner thereof and an agent or broker must be signed by the owner and broker, must contain a description of the land, and set forth the amount of compensation the agent is to receive for negotiating a sale, or it will be void and furnish no basis for recovery.

2. **Petition:** SUFFICIENCY. Petition examined, and *held* not to state facts sufficient to entitle plaintiff to any relief.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Reversed.*

*O. E. Martin* and *W. A. Martin,* for plaintiff in error.

*C. H. Whitney, contra.*

KIRKPATRICK, C.

On December, 26, 1901, defendant in error, John J. Goebel, instituted an action against plaintiff in error, Frederick Danielson, in the district court for Cedar county, to recover a commission alleged to be due him for services performed in finding a purchaser for certain land owned by plaintiff in error. There was judgment in the district court against plaintiff in error in the sum of $235 and costs; to reverse which the cause is presented to this court upon error. Numerous assignments of error are presented for consideration, but, in the view we take of the case, all need not be considered.

It is first contended that the court erred in overruling an objection interposed by plaintiff in error, at the commencement of the trial, to the introduction of any testimony, for the reason that the petition failed to state facts sufficient to entitle plaintiff below to any relief. In the petition it is alleged that on the 24th day of February,

1901, plaintiff in error wrote a letter to defendant in error in the language following:

"Emerson, Neb., Feb. 24, 1901. John J. Goebel, Dear Sir: You sell all my land. If you sell it you get good commission. I have it in three real estate man's hands and then in myself. Whoever sells it gets the commission. The Matsen place I want $40 an acre for 160, and $25 for 80 of pastor. Yours Truly, F. Danielson."

It is alleged that, on receipt of this letter, defendant in error went out and secured a purchaser for the tract designated as the Matsen land, and thereupon wrote plaintiff in error the following letter:

"Hartington, Neb. Feby. 25th, 1901. Fred Danielson, Esq., Emerson, Neb. Dear Sir: Your letter dated Feby. 24th, 1901, at hand & contents noted, just having a customer for a farm close to town, I at once proceeded to look him up, and read your letter to him, and he and his wife went and looked it over, and before he went home he called at my office and informed me that he would take it, and told me to send for the deed; that the money was ready for the land any time, and if you did not want to send the deed here, you could deposit it in a bank at Emerson and he would remit it there. He is a good reliable man, and is able to pay all cash. He deposited $500 in the bank as part payment of the purchase price subject to your order. Now please execute deed and do as above stated, instructing the bank to pay me my commission oblige. Respt. John J. Goebel."

It is further alleged that the purchaser was willing and ready to pay the money and complete the purchase, and that plaintiff in error and his wife refused to execute the conveyance; and that they promised defendant in error that they would pay him his commission, notwithstanding they did not make the sale. It is not alleged that any other writing was signed by either of the parties than the two letters quoted above, and the question for determination is: Are the facts pleaded, tested by the provisions of section 74, chapter 73, Compiled Statutes, 1901

(Annotated Statutes, 10258), sufficient to entitle defendant in error to relief. The section referred to is in the words following:

"Every contract for the sale of lands, between the owner thereof, and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent."

The section quoted would seem to be too clear to require interpretation. The undoubted purpose of the legislature was to remedy an evil which had grown up in this state, as shown by innumerable actions brought by real estate brokers against the owners of real estate, to enforce the collection of commissions for negotiating sales which, in many instances, were never completed. To effectuate this purpose, they enacted the section quoted, which, in express terms, requires a written contract between the owner and the agent signed by both, and further requires that the contract shall describe the land to be sold and shall set forth the compensation to be allowed to the broker or agent in case of sale.

It can not be contended, we think, that the two letters quoted in the petition amount to such a contract as is contemplated by this statute. Whether the letter written by defendant in error contains a sufficient description of the land need not be determined, but it is manifest that it does not set forth the amount of compensation which the owner was to pay to the agent who negotiated the sale. Defendant in error made no answer to this communication until after he had entered upon the performance of the services for which he seeks in this action to recover. He seems, on receipt of the letter, to have gone out and procured a purchaser, and then to have written plaintiff in error, telling him that he had made the sale, and asking him to execute and send the deed, and to authorize the bank to pay his commission. We are not required to de-

termine whether, if the owner of real estate wrote to an agent, employing him to make a sale of his land, describing it and agreeing to pay a stipulated commission therefor, and the agent should answer in writing, accepting the employment on the terms stated, this might not constitute a valid contract within the statute. But the letters quoted do not present such a case. Plaintiff in error by letter authorized defendant in error to make a sale of all of his land, the latter answering that he had made a sale of the Matsen land. In neither of the letters is any reference made to the amount of compensation, and it is clear that the contract, assuming that the letters constituted one, does not meet the requirements of the statute, is void, and can not be made the basis of a recovery by the agent of a commission from the owner of the land. The petition fails to state facts sufficient to warrant a recovery, and the lower court erred in overruling the objection to the introduction of any evidence thereunder.

It is further contended that the statute in question is in conflict with the constitution, in that it interferes with the rights of persons otherwise competent to make their own contracts. We do not think it is necessary to reexamine this question after its exhaustive consideration in the opinion by the late chief justice in the case of *Baker v. Gillan,* 68 Neb. 368, where the enactment of this statute is held to have been within the power of the legislature under the constitution.

Numerous other assignments of error are made, some of which seem to possess merit, but, in the view we have taken, it becomes unnecessary to examine these and to pass thereon. For the error pointed out, it is recommended that the judgment of the district court be reversed and the cause remanded.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.