WILLIAM RODENBROCK V. RAIMOND GRESS.

FILED SEPTEMBER 20, 1905.   No. 13,886.

**Real Estate Agent: ACTION FOR SERVICES.** Services as a real estate broker, rendered for the owner of the land without a written contract, cannot be recovered for as such on a *quantum meruit.* *Blair v. Austin,* 71 Neb. 401, followed and approved.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*W. H. Pitzer,* for plaintiff in error.

*James W. Eaton, John V. Morgan* and *John C. Watson,* contra.

OLDHAM, C.

This was a suit to recover the value of services alleged to have been rendered by plaintiff in the court below as a real estate agent and broker in negotiating the sale of certain lands owned by the defendant in Otoe county, Nebraska. Defendant demurred to the petition in the district court. The demurrer was sustained and, plaintiff refusing to further plead, the petition was dismissed. To reverse the judgment of the district court in dismissing the petition, plaintiff brings error to this court.

The petition, after showing that on and prior to January 1, 1902, the defendant was the owner of the lands in controversy, describing them, alleges that in the month of October, 1902, the defendant, being desirous of selling said lands, requested the plaintiff to sell them for the defendant for $12,000, and promised to pay plaintiff for his services if plaintiff succeeded in making a sale of the lands on said terms. The petition then alleges that, in reliance on the request and agreement of the defendant, plaintiff devoted a large amount of time and made continued efforts toward effecting a sale of said lands, and that he did effect a contract of sale thereof to one John Bando for the price of $12,000, and that thereafter the defendant and

John Bando completed the transfer of the lands, and defendant executed his deed to Bando, conveying the lands, and received the sum of $12,000, the purchase price thereof, and that the sale was effected entirely through the efforts of the plaintiff, and was highly advantageous to the defendant. Plaintiff further alleged that the usual compensation for similar services in effecting sales of real estate is a commission of 5 per cent. on the first $1,000 and 2½ per cent. on the sale price exceeding $1,000, and that this was well known to the defendant; that since the sale has been completed defendant promised to pay the plaintiff this commission, and that no part thereof has been paid. The petition prays for judgment for the amount of the commission at the rate stated.

It will be noticed that there is no allegation in the petition for the recovery of money expended in the negotiation of the sale at defendant's request and for his benefit, nor is there any allegation for the reasonable value of services performed at defendant's request and for his benefit; but, on the contrary, the petition alleges on the reasonable value of commissions earned as a real estate agent and broker in effecting the sale of lands. This brings the case squarely within the doctrine announced by this court in *Blair v. Austin,* 71 Neb. 401, in which it was held that "services as a real estate broker rendered for the owner of the land, without a written contract, cannot be recovered for, as such, upon a *quantum meruit.*" Section 74, chapter 73, Compiled Statutes 1903 (Ann. St. 10258), has recently been construed in all its phases by this court in *Spence v. Apley,* 4 Neb. (Unof.) 358; *Baker v. Gillan,* 68 Neb. 368; *Danielson v. Goebel,* 71 Neb. 301, and *Blair v. Austin, supra.* It therefore needs no further discussion in this opinion.

The judgment of the district court in sustaining the demurrer was in full harmony with all these decisions, and we recommend that such judgment be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.