JAMES E. BARNEY V. GEORGE B. LASBURY ET AL.

FILED MAY 17, 1906.   No. 14,262.

Sale of Realty: CONTRACT. Where a contract for the sale of real estate between the owner thereof and a broker employed to sell the same is void because not in writing, as required by section 74, ch. 73, Comp. St. 1905, the broker cannot recover on a *quantum meruit* for services rendered in accordance with such contract, nor for the value of his time expended in that behalf. *Blair v. Austin*, 71 Neb. 401, distinguished.

ERROR to the district court for Sarpy county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*O. C. Redick,* for plaintiff in error.

*John F. Stout* and *W. R. Patrick, contra.*

Albert, C.

This is an action on a *quantum meruit* to recover for time expended by the plaintiffs in procuring a purchaser for certain lands belonging to the defendant. After the allegations that the plaintiffs are engaged in the business of buying and selling lands and conductors of a general real estate business, and that the defendant is the owner of certain real estate in Sarpy county, the petition contains the following: "(3) That said defendant employed these plaintiffs to find and secure for her a purchaser for said land at a price fixed by said defendant. That said plaintiffs expended considerable time in finding a buyer for said land and on or about the 8th day of September, 1904, secured for said defendant a purchaser for said land at the price named and agreed by said defendant and these plaintiffs; and said defendant entered into an agreement with said purchaser to sell to him the said land at the price named, and said purchaser paid to said defendant a part of said purchase price. That said purchaser was able, ready and willing to pay the balance of said purchase money upon the delivery to him of a deed conveying the title to said real estate as promised and agreed by said defendant, but, notwithstanding the fact that said purchaser so found and secured by these plaintiffs was ready, able and willing to carry out his part of the contract to and pay to said defendant the agreed price for said land, said defendant has refused to carry out her part of the contract to convey to said purchaser the title to said above described real estate. (4) Said plaintiffs say that the time expended by them in securing for said defendant a purchaser for her said land, and in aiding and assisting the closing up of said deal was and is reasonably worth the sum of $350. That said defendant has refused and now refuses to pay

said plaintiffs for said time so expended by them in securing for her a purchaser for said land and there is now due said plaintiffs from said defendant the sum of $350." A demurrer to the petition was interposed, which was overruled by the court, whereupon the defendant answered, denying that she ever employed the plaintiff to find a purchaser for the land. The jury returned a verdict for the plaintiff, and judgment went accordingly. The defendant prosecutes error.

We are satisfied that the demurrer should have been sustained. The alleged agreement was oral. Section 74, ch. 73, Comp. St. 1905, is as follows: "Every contract for the sale of lands, between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent, and such contract shall describe the land to be sold, and set forth the compensation to be allowed by the owner in case of sale by the broker or agent." The foregoing section has been before this court several times, and the uniform holding has been that there can be no recovery by a real estate agent or broker on a verbal contract for the sale of real estate. *Allen v. Hall,* 64 Neb. 256; *Spence v. Apley,* 4 Neb. (Unof.) 358; *Baker v. Gillan,* 68 Neb. 368; *Covey v. Henry,* 71 Neb. 118; *Danielson v. Goebel,* 71 Neb. 300. In *Blair v. Austin,* 71 Neb. 401, and *Rodenbrock v. Gress,* 74 Neb. 409, a recovery in each case was sought on a *quantum meruit* for services rendered by a broker to the owner of real estate in procuring a purchaser therefor, and the rule applicable thereto is thus stated in the head-note: "Services as a real estate broker, rendered for the owner of the land without a written contract, cannot be recovered for as such upon a *quantum meruit.*" The present action, however, is grounded on the following, taken from the body of the opinion in the *Blair* case:

"In this case it does not seem possible that plaintiffs can have any recovery of commissions for making a sale. If they have incurred expenses in the transaction at

defendant's request, and which have redounded to his benefit, they could doubtless recover for it as money laid out and expended for his benefit and at his request. If they have shown an absolute loss of time which could and would have been valuably employed, except for its use at defendant's request upon his employment, they could probably recover for that as time devoted to defendant's profit at his request, but for services as a broker in selling land, reckoned in percentage as commission, a written contract seems to be necessary under this statute."

The plaintiffs contend that, while the rule embodied in the head-note to that case would prevent a recovery for the reasonable value of their services as real estate brokers, the language taken from the body of the opinion authorizes a recovery for time expended for the defendant in their efforts to bring about a sale. In other words, that, while the express contract between themselves and the defendant is void under the statute, she is liable on an implied undertaking to pay them the reasonable value of the time they expended in her behalf in their efforts to find a purchaser for the land. This contention, we think, cannot be sustained. The object of the statute in question is well known, and is thus set forth in *Covey v. Henry, supra:*

"The reasons which impelled the legislature to pass that act are well known to the courts and the profession generally. Innumerable suits were being instituted, from time to time by agents and brokers, after the owners of land had sold the same, claiming a commission, on the ground that they had been instrumental in securing the purchaser; and, in many cases, owners of land were compelled to pay double commission on account of such claims. In order to prevent such disputes and protect property owners under just such cases as the one we are now considering, the legislature passed the act."

The fact that the statute requires the compensation to be set forth in the written contract is significant, and shows that the legislature had no intention of allowing a recovery on an implied contract. Nor do the plaintiffs escape the

statute by seeking to recover for the reasonable value of the time expended instead of the reasonable value of their services as real estate brokers. The value of their time, of necessity, would be measured by the value of the services that could be rendered within that time by an ordinary person engaged in the same business. Hence, in whatever language the cause of action may be couched, for all practical purposes it is an action for compensation for services rendered as real estate brokers, and comes within the rule announced in the head-note to *Blair v. Austin, supra.*

This conclusion in nowise conflicts with the quotation hereinbefore taken from the body of the opinion in that case. What is there meant is not that there could be a recovery for the loss of time expended in attempting to carry out the verbal contract by the broker, but that there might be a recovery for the time or money expended in accordance with specific directions of the owner of the land, as, for example, where the owner of the land specifically requests the broker to procure an abstract, advertise the land for sale, show it to a prospective purchaser, or the like. There is no doubt a recovery could be had for the time and money expended in carrying out such specific directions. But to hold that there could be a recovery for the time expended by the broker, generally, in attempting to bring about a sale of real estate in pursuance of a verbal contract between himself and the owner, would be to open the door to the very abuses the statute was enacted to prevent, and defeat its manifest purpose. Besides, in this case it is not claimed that the plaintiffs ever made any contract with the defendant in person. Their claim is that they were employed by a relative of the defendant, who appears to have had charge of the land, collecting the rents and so forth, and who was authorized to procure a purchaser and negotiate for a sale thereof on behalf of the defendant. His authority in the premises was in writing in the form of letters which he received from the defendant, and which the plaintiffs themselves introduced in evidence.

48

There is nothing in the entire correspondence which could be construed into authority to this person to employ sub-agents to procure a purchaser for the land. On the contrary, in one letter the defendant expressly states that she wants nothing to do with real estate agents. This phase of the case is slighted in the brief, and a reference to it is made here only because of the recommendation which we intend to make. The petition fails to state a cause of action. The evidence wholly fails to show that the plaintiffs were ever employed by the defendant, or by any one authorized to act for her in the premises.

For these reasons, it is recommended that the judgment of the district court be reversed and the cause remanded.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.