WILLIAM P. MOHR, APPELLANT, V. HENRY RICKGAUER,
APPELLEE.

FILED OCTOBER 8, 1908. No. 15,293.

Notes: CONSIDERATION. While an oral promise to pay a commission
to a broker for the sale of real estate is unenforceable because
of the statute of 1897 (laws 1897, ch. 57), so long as it rests in
parol, it constitutes a sufficient consideration to support a prom-
issory note given in payment of such commission.

APPEAL from the district court for Boyd county: JAMES
J. HARRINGTON, JUDGE. *Reversed.*

*N. D. Burch* and *E. J. Clements,* for appellant.

*W. T. Wills, contra.*

CALKINS, C.

This was an action upon a promissory note. The evi-
dence tended to show that the defendant employed the
plaintiff as broker to sell 480 acres of land, and orally
agreed to pay him as commission for such services the
sum of $1 an acre; that, after plaintiff performed such
contract on his part, a dispute arose as to the amount
which the plaintiff was entitled to receive, and to settle
such controversy the defendant executed the note in ques-
tion for the sum of $200. The court below took the view
that an oral contract to pay plaintiff a commission being
unenforceable because of the provisions of the act of 1897
(laws 1897, ch. 57; Comp. St. 1897; ch. 73, sec. 74), such
services did not constitute a sufficient consideration to
support the note, and directed a verdict for the defendant.
From a judgment entered upon this verdict, the plaintiff
appeals.

The statute in question has been sustained, and it has
been frequently held that, where the employment is oral,
there can be no recovery upon the contract (*Allen v.
Hall,* 64 Neb. 256; *Baker v. Gillan,* 68 Neb. 368; *Covey*

*v. Henry,* 71 Neb. 118; *Danielson v. Goebel,* 71 Neb. 300);
nor upon a *quantum meruit* for services performed (*Blair
v. Austin,* 71 Neb. 401; *Rodenbrock v. Gress,* 74 Neb. 409;
*Barney v. Lasbury,* 76 Neb. 701). Now, we have pre-
sented the question whether such services constitute a suf-
ficient consideration for a written promise to pay. Like
the statute of frauds, of which it is a virtual extension and
enlargement, it was designed to exclude oral testimony as
a means by which the rights of litigants could be de-
termined in certain cases where experience has shown that
it was particularly liable to abuse. *Baker v. Gillan, supra.*
To make a concrete application of the reason for the law,
the legislature, premising that a liability might be wrong-
fully imposed upon a defendant by false testimony if it
were permitted to be established by oral evidence, has
provided that he shall not be charged except upon a writ-
ten contract subscribed by himself. When, however, the
defendant, after receiving the benefit of services, executes
a written promissory note in payment thereof, it would
seem that the reason of the law was fulfilled. The con-
tract is then established by his own signature.

The object of the statute is, as we have seen, to prevent
frauds and perjuries; and, while certain contracts are by
the terms thereof declared void, the uniform construction
placed upon the statute by the courts renders it not void,
but merely unenforceable. *Riley v. Bancroft's Estate,* 51
Neb. 864. It is within the principle laid down by Baron
Parke in *Earle v. Oliver,* 2 Exch. (Eng.) *71, that, "where
the consideration was originally beneficial to the party
promising, yet if he be protected from liability by some
provision of the statute or common law, meant for his
advantage, he may renounce the benefit of that law; and
if he promises to pay the debt, which is only what an
honest man ought to do, he is then bound by the law to
perform it." This doctrine has been applied to cases
where the consideration of a contract made by a *feme
sole* was an unenforceable contract made by her while
*covert,* as well as to cases where the consideration was

an oral promise to answer for the debt of a third person unenforceable by reason of the statute of frauds. *Gould-ing v. Davidson*, 26 N. Y. 604; *Rogers v. Stevenson*, 16 Minn. 56; *Wills v. Ross*, 77 Ind. 1.

We are satisfied that the principle referred to applies to the case we are considering, and that the obligation of the defendant, while unenforceable so long as it remained in parol, was a sufficient consideration for his written promise to pay the same.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings in conformity with this opinion.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in conformity therewith.

REVERSED.