JAMES S. MORRISON, APPELLEE, V. JOSHUA E. GOSNELL ET AL., APPELLANTS.

FILED APRIL 24, 1909. No. 15,660.

1. **Quieting Title.** The owner of a farm orally agreed to convey to a broker ten acres of land if he would secure a purchaser for the principal's farm. The broker fully complied with this contract, and was given possession of said ten acres, but the vendor refused to execute a deed therefor. *Held,* That a court of equity would quiet the broker's title to said land.

2. **Vendor and Purchaser:** BONA FIDE PURCHASER. If, while the broker is thus in possession, the principal sells and conveys the real estate to a third person who has actual knowledge that the broker claims an interest therein, the last vendee will take title charged with all equities existing in the broker's favor.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE. *Affirmed.*

*J. G. Thompson* and *T. L. Porter,* for appellants.

*John Everson* and *R. L. Keester, contra.*

ROOT, J.

The nature of this action is fully explained in an opinion written on a former appeal to this court, 76 Neb. 539. We there held that the petition stated a cause of action. The appeal is now upon the merits. The court found for plaintiff, and defendants appeal.

The evidence, as might be expected, is contradictory, but it fairly appears that in 1900 Mrs. Drew owned 420 acres of land lying immediately north of plaintiff's farm. Prairie Dog creek separated an irregular track of about ten acres on the south side of the Drew farm from the remainder thereof. Mrs. Drew agreed orally to convey said ten-acre tract to plaintiff if he would find her a purchaser for the remainder of her farm. Plaintiff succeeded, and sold said real estate to a Mr. Roberts, who paid $1,000 down and agreed to pay the remainder in several payments satisfactory to his vendor, and Mrs. Drew delivered to Morrison possession of the ten-acre tract, knowing that he claimed it as compensation for securing Roberts as a purchaser for the remainder of the farm. Later the sale to Roberts was abrogated and the land sold by Mrs. Drew to the defendant Gosnell. The disputed tract was included in Gosnell's deed and never conveyed to plaintiff. Morrison has been in possession of the tract in dispute the greater part of the time since he took posession thereof, has cleared the brush and trees therefrom and placed it in cultivation. Mrs. Drew does not contradict the witnesses who testified to her statements that the farm had been sold and that plaintiff was to have the ten-acre tract for securing the purchaser. She claims that she let plaintiff into possession as a tenant, and that he was to have the use of the land for one year for clearing and cultivating it, but the cost of reducing the tract to cultivation was so disproportionate to the value of its use for one year that we are not inclined to credit her testimony on this point.

Defendant Gosnell claims to have been an innocent

purchaser, for value, without notice, but admits that he was told within a few moments after he had accepted the deed that he was buying a law suit. Mrs. Drew, his witness, was asked: "Q. What was said between you or your brother to Gosnell in regard to this claim of Morrison against the land at the time Gosnell purchased the land? A. We told him that we had heard that Mr. Morrison would enter suit against me for that piece of land, but did not think he would." Gosnell, therefore, is within the rule announced in *Lipp v. Hunt,* 25 Neb. 91. Although the agreement between the owner of the land and her agent was not in writing, his performance was a sufficient consideration to support her voluntary act in recognition of his services in delivering to him as owner the land in dispute. *Mohr v. Rickgauer,* 82 Neb. 398.

It is claimed that, as plaintiff filed a petition in the county court for a money judgment against Mrs. Drew for securing Roberts as a purchaser for her farm, he abandoned his right to the land. The petition recites the transaction, and states that the ten-acre tract Morrison was to receive was worth $500 and asks judgment therefor. The evidence discloses that process was never served on Mrs. Drew in that action, and that the petition was later withdrawn, and we are of opinion that thereby plaintiff did not waive his right to have his title to the land in dispute quieted.

While the evidence is conflicting, it sustains the findings of the trial judge, who had the advantage of seeing and hearing all of the witnesses, other than Mrs. Drew.

Justice seems to have been done, and the judgment of the district court is

AFFIRMED.