Nelson v. Woodhouse.

. LOUIS A. NELSON, APPELLANT, V. ELVIS H. WOODHOUSE, APPELLEE.

FILED JULY 7, 1924.  No. 22843.

1. **Brokers:**  ORAL CONTRACTS. "A verbal contract with an agent or broker to sell land for the owner or to obtain a purchaser therefor is void." *Covey v. Henry*, 71 Neb. 118.

2. **Record** examined, and *held* to support the judgment.

APPEAL from the district court for Banner county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Rodman & Rodman,* for appellant.

*L. L. Raymond* and *Ray E. Lee, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and THOMPSON, JJ.

MORRISSEY, C. J.

Plaintiff brought this action in the district court for Banner county to recover from defendant the sum of $3,000 which he alleged to be due him as commission for his services in the sale of land which belonged to defendant. There was judgment for defendant, and plaintiff appeals. Defendant had listed his land for sale with plaintiff, who was a real estate agent, under a contract by which defendant agreed to pay plaintiff as commission all of the sale price in excess of $44,800. In his petition, plaintiff set out this contract and also pleaded an oral contract under which it is alleged defendant agreed to pay plaintiff a commission of $5 an acre provided he effected a sale of the land covered by the written contract.

Plaintiff advertised the property for sale and secured a number of prospective purchasers. Through the services of plaintiff, one of these parties entered into a contract with defendant to purchase property for $54,400 and made the initial payments under this contract. The contract was never completed. Defendant paid to plaintiff the sum of $200 and no more. By this action plaintiff seeks to re-

cover the balance due under the alleged oral contract. In an amended petition plaintiff alleged that the sum which he claims is due him, and for which he seeks a recovery, is arrived at by a compromise between himself and defendant of the sum which would be due him under the terms of the written contract. Defendant denied that there was a compromise, and testified that he had canceled the written contract, as by its terms he had the right to do, but admitted that subsequently he orally agreed to pay plaintiff $5 an acre for his services in case he made a sale.

It is not necessary for us to determine at this time the validity of the written contract set out in plaintiff's petition. The oral contract is the one upon which plaintiff chiefly relies and the only one, if either, which his proof supports. Under our statute, section 2455, Comp. St. 1922, such a contract is void. And in *Covey v. Henry*, 71 Neb. 118, the rule is announced that—"A verbal contract with an agent or broker to sell land for the owner or to obtain a purchaser therefor is void."

The judgment of the trial court is right, and it is

AFFIRMED.

Note—See Brokers, 9 C. J. p. 558, sec. 60.