CORNELIUS VERMAAS ET AL., APPELLANTS, V. CULBERTSON, ROE & BELL, INC., APPELLEE.

48 N. W. 2d 674

Filed June 29, 1951. No. 32980.

*Davis, Stubbs & Healey,* for appellants.

*Sterling F. Mutz,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law by Cornelius VerMaas and Norma VerMaas, plaintiffs and appellants, against Culbertson, Roe & Bell, Inc., a corporation, defendant and appellee, for money had and received. Trial was had to the court without a jury. At the close of the trial the court found in favor of defendant and rendered judgment accordingly. Alternative motions for new trial or for judgment in favor of plaintiffs notwithstanding the judgment entered at the trial were filed which were overruled. From the judgment and the order overruling the motions the plaintiffs have appealed.

The action grows out of a sale negotiated by the defendant of residence property jointly owned by the plaintiffs who are husband and wife. The property is known as 3434 Orchard Street, Lincoln, Nebraska, the legal description of which is not necessary in the determination of this case.

On January 11, 1946, the defendant obtained a written purchase agreement for the property in question from the Elgin National Watch Co. for $10,000. At the time the agreement was obtained it received and accepted a down payment of $500. The payment was by promissory note payable to the defendant. The note was paid by check also to the defendant on or about January 14, 1946.

At the time the purchase agreement was obtained the defendant had no written or oral brokerage or agency agreement for the sale of this property with the plaintiffs or either of them, and no such agreement was later obtained. It may also be said that there was no competent evidence of an oral agreement thereafter.

After much effort on the part of an agent of defendant the plaintiff Norma VerMaas was induced on January 21, 1946, to accept the agreement of purchase made by the Elgin National Watch Co. The acceptance is in the following terms:

"1-21 1946

"I hereby accept the foregoing proposition on the terms above stated, and agree to execute the conveyance upon the terms and conditions above set forth.

Norma VerMaas"

The agreement contains no reference to agency or brokerage agreement, none in any manner to any kind or character of incident to any such agreement, and particularly none to brokerage or agency commission. There is not even any mention of these plaintiffs as owners or otherwise.

The sale was concluded and the defendant retained the $500 down payment as its brokerage or agency commission for making the sale. It still retains it. The action here is for the recovery of this amount. It is from the judgment of the district court denying a recovery that the plaintiffs have appealed.

The theory of plaintiffs is that the defendant, not having a written brokerage or agency agreement for the sale of this land, was not entitled under law to retain this amount or to receive any compensation for making the sale.

As disclosed by the answer the substantial theory of the defendant is that though it had in the first instance only an oral brokerage or agency agreement, the acceptance of the purchase agreement amounted to a brokerage or agency agreement, that it received the $500 as a commission with the consent of the plaintiffs who ratified and confirmed the oral agreement, and that it was the intention of the parties that the money received as a down payment should be retained as commission.

The appropriate statute is the following: "Every contract for the sale of lands between the owner thereof and any broker or agent employed to sell the same, shall be void, unless the contract is in writing and subscribed by the owner of the land and the broker or agent. Such contract shall describe the land to be sold, and set forth

the compensation to be allowed by the owner in case of sale by the broker or agent." § 36-107, R. S. 1943.

The validity and enforceability of the above statute have been repeatedly upheld by the decisions of this court. Danielson v. Goebel, 71 Neb. 300, 98 N. W. 819; Covey v. Henry, 71 Neb. 118, 98 N. W. 434; Nelson v. Webster, 83 Neb. 169, 119 N. W. 256; Howell v. North, 93 Neb. 505, 140 N. W. 779; Nelson v. Woodhouse, 112 Neb. 359, 199 N. W. 811; Sohler v. Christensen, 151 Neb. 843, 39 N. W. 2d 837. The last case cited is not directly in point here but in it is cited this statute as basic in actions involving agency or brokerage commission.

The defendant concedes by pleading and proof that there was no written agreement entered into conformable to the statute. The record discloses no instrument or instruments which could be construed to amount to such an agreement. The instrument on which the defendant relies does not amount to such an agreement. In it brokerage or agency commission is in nowise mentioned and nowhere on it appears the signature of the defendant for any purpose except as a receipt in its own behalf for the down payment. Essentials of validity of a brokerage or agency agreement are the signatures of the parties and the compensation to be paid the broker or agent.

It must be said therefore that the record conclusively precludes the defendant from at any time claiming the benefit of a brokerage or agency agreement within the meaning of the statute.

If therefore the judgment is to be sustained this must be done on the basis of evidence that the down payment was received or retained as commission by voluntary consent and acquiescence of the plaintiffs. Morrison v. Gosnell, 84 Neb. 275, 121 N. W. 236.

That it was not so received is certain. The evidence conclusively shows that it was received without consent and even without the knowledge of the plaintiffs. The first knowledge they had was when an agent of defend-

ant offered the purchase agreement for acceptance by the plaintiff Norma VerMaas.

There is no evidence that the plaintiffs voluntarily or otherwise consented to or acquiesced in the retention of the money by the defendant. There is evidence that the defendant laid claim against the plaintiff Norma VerMaas to it and sought to induce her to consent to its retention but none whatever that she did so consent and none that she ever by word or act acquiesced in its retention. Moreover there was never any effort whatever to obtain consent of the other plaintiff who was a joint owner of the money with Norma VerMaas as is disclosed by the record, and no word or circumstance is pointed to indicating acquiescence in retention of the money. The record wholly fails to sustain the contentions of the defendant in these respects.

The record fails conclusively to sustain each and all defenses interposed by the defendant. On the other hand the evidence of plaintiffs fully sustains their cause of action.

The judgment in the first instance should have been in favor of plaintiff as prayed. For failure to so adjudicate the district court should have, pursuant to motions of the plaintiffs duly made, set aside the judgment rendered and entered judgment in favor of plaintiffs.

The judgment of the district court is therefore reversed and the cause remanded with directions to enter judgment in favor of plaintiffs in accordance with the prayer of their petition.

REVERSED AND REMANDED WITH DIRECTIONS.