GRIEB and another, Respondents, vs. KOEFFLER and another, Appellants.

*February 2—February 23, 1906.*

*Brokers: Contract: Performance: Evidence: Admissibility: Appeal and error: Curing error: Increased value.*

1. When a broker contracts to procure a purchaser for real estate on commission it is not essential that he should himself bring the purchaser bodily to the owner, but it is sufficient if through his efforts a person is found within the time limited, or if no time is limited within a reasonable time, who comes to the owner ready and willing to purchase the property at the required price.
2. In an action by real-estate brokers for commissions, the evidence, stated in the opinion, is *held* sufficient to sustain a verdict for plaintiffs.
3. In an action by real-estate brokers for commissions, it was claimed by the defendant that the sale was in fact made through the efforts of another broker, and the defendant was asked to state the circumstances under which an option, which preceded the sale, was finally made, and a general objection to the question was sustained. *Held* error, but cured by subsequent testimony.
4. In an action by real-estate brokers to recover commissions, under the evidence it is *held* that the rule that where the condition or value of the property has materially changed between the first interview with the broker and the time of the sale it is the duty of the broker to consult his principal and ask for new instructions before making a sale, had no application.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action to recover commissions upon the sale of real estate. It appeared by the evidence that the plaintiffs were partners in the real-estate business in Milwaukee, and that the defendants owned a number of lots in the village of North Milwaukee which they desired to sell. In the latter part of June, 1902, some conversation took place between the

plaintiffs and the defendant *Hugo Koeffler* concerning these lots. The plaintiffs claim that the defendant *Koeffler,* who was acting for himself and the other defendant, put the lots in the plaintiffs' hands for sale, and agreed that if a purchaser was obtained for more than $6,500 the plaintiffs should receive as their commission all that was realized over that sum. The defendants, on the other hand, claim that they made no such agreement, but simply stated to the plaintiffs that they would sell the lots to them for $6,500 net. Subsequently, and in the month of October following, the defendants.in fact sold the lots to one Kootz for $8,000, and the plaintiffs claim that they procured Kootz as a purchaser, and this action is brought to recover the sum of $1,500 as their commission. The following special verdict was rendered:

"(1) Did the defendant *Hugo Koeffler* make an agreement with the plaintiffs that, if plaintiffs would procure a purchaser for defendants' land in North Milwaukee, defendants would pay plaintiffs for such services all that defendants would realize on a sale of said land to such purchaser over and above $6,500? *A.* Yes. (2) If you answer the first question yes, had the defendant *Hugo Koeffler* authority to make such agreement for and in behalf of his brother, *Charles A. Koeffler?* That is answered by the court in the affirmative by consent of the parties. (3) If you answer the first question yes, was the authority of the plaintiff to procure a purchaser for said land revoked by the defendant *Hugo Koeffler* at any time before October 11, 1902? *A.* No. (4) Were the plaintiffs the procuring cause of defendants' sale of land to William Kootz? *A.* Yes. (5) Under all the circumstances, and in view of a lapse of time between June 19 and October 11, 1902, were the defendants justified in assuming that the plaintiffs had abandoned finding a purchaser for this land? *A.* No. (6) Was the plaintiff *Grieb,* before October 11, 1902, employed by William Kootz for a commission to procure land for said Kootz in North Milwaukee? *A.* No."

The defendants made proper motions for nonsuit, also to direct a verdict, also for a new trial; all of which motions be-

ing overruled, judgment was rendered upon the verdict for the plaintiffs, and the defendants appeal.

*C. A. Koeffler, Jr.,* for the appellants.

For the respondents there was a brief by *A. H. Blatchley,* attorney, and *J. W. Wegner,* of counsel, and oral argument by *Mr. Blatchley.*

WINSLOW, J. When a real-estate agent contracts to procure a purchaser for real estate upon commission it is not essential that he should himself bring the purchaser bodily to the owner of the real estate, but it is sufficient if through his efforts a person is found within the time limited, or if no time is limited within a reasonable time, who comes to the owner within such time ready and willing to purchase the property at the required price. There was sufficient evidence to entitle the jury to find that the purchaser Kootz in the present case was procured through the efforts of the plaintiffs; indeed, there was sufficient evidence to sustain all the findings of the special verdict.

No exceptions were reserved to the charge of the court, and the only ruling upon evidence which deserves special treatment will be briefly noticed. The defendants claimed that the sale to Kootz was in fact made through the efforts of one Place, and the defendant *Hugo Koeffler* was asked by his counsel to state the circumstances under which the option was finally made to Mr. Kootz, and a general objection to the question was sustained. This was an erroneous ruling, because it was certainly competent for the defendants to show, if they could, the circumstances under which the sale was actually made, as bearing upon the question as to who was the procuring cause of the sale. However, the facts concerning Mr. Place's connection with the matter were afterwards quite fully testified to by *Mr. Koeffler.* He testified in effect that he first talked with Mr. Place about the property about the 6th of October; that the price of $8,000 was definitely fixed when

Mr. Place saw him on the 8th of October; that on the 9th or 10th of October Mr. Place told him that Mr. Kootz was the man who was going to buy the property, and requested that he make a thirty-day option to Kootz; that Place gave him a check for $300 to pay on the option; that he then executed the option and dated it October 11th at Mr. Place's request; and that the deed was made November 10th to Mr. Kootz. He also admitted that, when he talked with *Grieb* in June, *Grieb* told him that he proposed to offer the property to Mr. Kootz. Thus the erroneous ruling seems to have been practically reversed, the circumstances under which the option was made to Mr. Kootz were practically stated, and no suggestion was made that there were any further relevant facts. Such being the situation, we hold that the error in the original ruling was cured.

It is claimed that the evidence showed that the value of the property had so materially increased between the first interview with the plaintiffs and the time of the sale that it was the duty of the court as matter of law to hold that the plaintiffs' agency contract was at an end before the sale to Kootz was made, under the ruling in *Wasweyler v. Martin,* 78 Wis. 59, 46 N. W. 890. While there was some rather shadowy evidence of increase in value there was also evidence to the contrary, and the court would not have been justified in making any such ruling. Furthermore, it appeared without dispute that the defendants knew when they made the option that Mr. Kootz was the man whom the plaintiffs proposed to secure as a purchaser, and the jury found affirmatively that the defendants were not justified in assuming that the plaintiffs had abandoned the attempt to find a purchaser. Under these circumstances, the principle of the *Wasweyler Case* has little, if any, application.

*By the Court.*—Judgment affirmed.