HALE and another, Respondents, vs. KREISEL and others,
Appellants.

*May 6—December 6, 1927.*

*Brokers: Contract to pay a commission void unless in writing: No
recovery on quantum meruit.*

1. Sec. 240.10, Stats., declaring void all contracts of real-estate
   brokers for commissions for the buying or selling of real
   estate unless the contract or some memorandum thereof is in
   writing, is an extension or enlargement of the statute of
   frauds and a valid exercise of the police power.  p. 272.
2. Where plaintiffs brought an action on express contract, and by
   permission of the court amended their complaint to set up
   one on *quantum meruit* for commissions due them for serv-
   ices under an oral contract as real-estate brokers, sec. 240.10,
   Stats., precluded a recovery by them; and said statute ap-
   plies to implied as well as to express agreements.  pp. 273, 274.
3. It is the duty of the court to give effect to the legislative intent
   clearly expressed in said sec. 240.10, Stats., that there shall
   be no recovery of commissions in the absence of a written
   contract or a memorandum thereof.  [*Seifert v. Dirk,* 175
   Wis. 220, overruled.]  pp. 274, 275.

APPEAL from a judgment of the county court of Chip-
pewa county: T. J. CONNOR, Judge.  *Reversed.*

*Rude Kreisel, E. O. Wright,* and *B. F. Crane* as copart-
ners appeal from a judgment against them for the reason-
able value of services performed by *Walter L. Hale* and
*William N. Hebert* as real-estate brokers.

The original complaint was upon contract to recover for
services performed by the plaintiffs as real-estate brokers.
Upon the trial it appeared that the contract for the perform-
ance of such services was not in writing.  Thereupon the
court permitted the plaintiffs to amend their complaint to
set up a cause of action upon *quantum meruit.*

For the appellants there was a brief by *Alexander Wiley*
and *Robert L. Wiley,* both of Chippewa Falls, and oral
argument by *Alexander Wiley.*

*P. J. Murphy* of Chippewa Falls, for the respondents.
The following opinion was filed September 13, 1927:

STEVENS, J.    Sec. 240.10 of the Statutes provides:

"Every contract to pay a commission to a real-estate
agent or broker or to any other person for selling or buying
real estate or negotiating lease therefor for a term or terms
exceeding a period of three years shall be void unless such
contract or some note or memorandum thereof describing
such real estate, expressing the price for which the same may
be sold or purchased, or terms of rental, the commission to
be paid and the period during which the agent or broker
shall procure a buyer or seller or tenant, be in writing and
be subscribed by the person agreeing to pay such com-
mission."

The fundamental question presented by this appeal is
whether the legislature by the passage of this act has pre-
vented recovery upon *quantum meruit* for services per-
formed in buying or selling real estate when no contract in
writing has been made as required by this section.

This statute clearly expresses the legislative intent that
there shall be no recovery for such services in the absence
of such a written contract.    This statute is an extension
or enlargement of the statute of frauds.    It is as valid an
exercise of the police power as are any of the other pro-
visions of the statute of frauds which require certain con-
tracts to be in writing.    *Selvage v. Talbott,* 175 Ind. 648,
95 N. E. 114, 33 L. R. A. N. s. 973, 974, 975.

"The statute was doubtless enacted for reasons similar to
those which led to the enactment of the statute of frauds.
It was to prevent frauds and perjuries.    Its enforcement will
sometimes protect brokers who have rendered valuable serv-
ices too little appreciated.    More often it will protect owners
from unfounded claims.    It will tend to prevent the flood
of litigation arising out of misunderstandings between well-
meaning persons.    We believe that in order to carry out

the legislative intent we should hold contracts void which
do not substantially comply with the statute.    In other
words, that the statute means what it says."    *Gifford v.
Straub,* 172 Wis. 396, 399, 400, 179 N. W. 600.   See,
also, *Danielson v. Goebel,* 71 Neb. 300, 302, 98 N. W. 819,
820; *Selvage v. Talbott,* 175 Ind. 648, 95 N. E. 114, 33
L. R. A. n. s. 973, 975.

To hold that there can be recovery upon *quantum meruit*
is "to open the door to the very abuses the statute was
enacted to prevent, and defeat its manifest purpose."    *Bar-
ney v. Lasbury,* 76 Neb. 701, 705, 107 N. W. 989, 991.

When this question was presented in *Seifert v. Dirk,* 175
Wis. 220, 184 N. W. 698, this court held that there could
be a recovery on *quantum meruit,* basing its decision upon
the rule that had been applied in cases arising under other
provisions of the statute of frauds where recovery was had
for services rendered under contracts which were void under
the statute of frauds.    The fact that practically every court
that has considered this question under legislative enactments
similar to sec. 240.10 of the Statutes has held that there
can be no recovery upon *quantum meruit* has led this court
to carefully reconsider the question.    That consideration has
led to the conclusion that the rule in Wisconsin must be
brought into harmony with the clear intent of the legislature
and also into harmony with the adjudicated cases by holding
that there can be no recovery in the nature of commissions
by real-estate brokers or others upon *quantum meruit* for
services rendered in buying or selling real estate.

Every other adjudicated case that the court has found
that has passed upon the question has held that the rule
permitting recovery on *quantum meruit* for services rendered
under contracts void under the statute of frauds does not
warrant a recovery upon *quantum meruit* for commissions
which measure the reasonable value of the services performed
in buying and selling real estate.    The obvious reasons for

these decisions is that the application of the rule which permits recovery upon *quantum meruit* to the case of real-estate brokers absolutely nullifies these statutes which declare every such contract to be void if not in writing. These statutes leave no opportunity for the law to imply a contract. They apply to implied agreements as well as to those that are express.

"To hold that performance takes a claim of this character out of the operation of the statute would, in our opinion, leave nothing for the statute to operate on. Such construction would render the statute useless and meaningless and would be tantamount to saying that any contract for a commission or reward for the finding or procuring of a purchaser of the real estate of another is valid, though not in writing and not signed by the owner of such real estate, which is directly opposite to the expressed will of the legislature." *Weatherhead v. Cooney,* 32 Idaho, 127, 131, 180 Pac. 760, 761. See, also, *Paul v. Graham,* 193 Mich. 447, 451, 160 N. W. 616, 617; *Blair v. Austin,* 71 Neb. 401, 406, 98 N. W. 1040, 1042.

It is the duty of the court to give effect to the legislative intent as expressed in the statute. That intent is so clearly expressed that no rule of construction and no precedent or prior judicial decision should be held sufficiently potent to lead to a construction of this statute which does not give effect to the plain legislative intent.

This case well illustrates the injustice that may result if recovery upon *quantum meruit* is permitted in spite of the statute. The trial court made no finding as to the oral contract entered into by the parties to this action, but the greater weight of the evidence establishes the fact that the oral contract between the parties provided that no commission should be due or paid to the plaintiffs until at least $5,000 had been paid upon the purchase price. The purchaser never paid that amount and has refused to take the land or to make further payments. The judgment appealed from therefore runs

counter to the express provisions of sec. 240.10 of the Statutes and to the express terms of the oral agreement under which the plaintiffs performed services.

*Seifert v. Dirk,* 175 Wis. 220, 184 N. W. 698, is overruled so far as it holds that one rendering services in the buying or selling of real estate may recover compensation in the nature of commissions which measure the reasonable value of such services when there is no written contract which meets the requirements of sec. 240.10 of the Statutes.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on December 6, 1927.