Nickoll, Appellant, vs. Racine Cloak & Suit Company and others, Respondents.

*October 14—December 6, 1927.*

*Brokers: Quantum meruit to recover commissions: Courts: Stare decisis: Cases arising under decision subsequently reversed: Impairment of contract: Vested rights: Election of remedies.*

1. A demurrer to defendants' answer was properly overruled by the trial court where the complaint was insufficient to state a cause of action, since a demurrer reaches back to the first pleading that is fatally defective.   p. 300.

Nickoll v. Racine Cloak & Suit Co. 194 Wis. 298.

2. One who is not licensed as a real-estate broker in this state is not authorized to negotiate a lease for another as broker, and he cannot recover the agreed commission. p. 300.

3. The bringing of an action by a real-estate broker on an express oral contract for his commission is not an election of remedies precluding a recovery on *quantum meruit,* where the action on the oral contract was not maintainable, the doctrine of election of remedies applying only where the facts will support two or more inconsistent remedies. A judgment denying a recovery on the express oral contract is therefore not a bar to the subsequent action for the reasonable value of the services based on *quantum meruit.* pp. 301, 302.

4. The best and most accurate test as to whether a former judgment is a bar is whether the same evidence will sustain both actions. p. 302.

5. A decision of the supreme court reversing the rule that a real-estate broker might recover commissions in an action of *quantum meruit* does not impair the obligation of contract within the provisions of the federal constitution, as the prohibition therein against impairment is aimed at the legislative power of the state and not at the decisions of the courts. p. 303.

6. Courts will not defeat a vested or property right acquired in reliance upon a decision of the highest court of the state construing the constitution or a statute of the state and which was acquired at a time when that decision was unreversed; but where a real-estate broker entered into an invalid oral contract for a commission for the negotiation of a lease, he cannot maintain an action for services on *quantum meruit* on the ground that he acquired a vested right to maintain the action at a time when judicial decisions construed the statute to permit such action, since he did not rely upon such decisions. pp. 303, 304.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling plaintiff's demurrer to the answers of the defendants.

The plaintiff brought his action for a commission for effecting a real-estate lease as a broker between the defendants and another.

Plaintiff alleged an oral contract between him and the defendants, by the terms of which the commission was earned

Nickoll v. Racine Cloak & Suit Co. 194 Wis. 298.

and due.  He then alleged that such oral contract was void because not in writing, as required by statute; that plaintiff performed services as before stated, and that defendants accepted the same and retained the benefits arising therefrom; he then alleged the reasonable value of such services, and demanded judgment on *quantum meruit.*

The defendants answered (1) by general denial, and (2) former adjudication in bar.

The demurrer to the answers was overruled.

*Robert A. Hess* of Milwaukee, for the appellant.

For the respondents there was a brief by *Baumblatt & Weisman* of Racine, and oral argument by *L. P. Baumblatt* and *J. M. Weisman.*

CROWNHART, J.  The defendants contend that the demurrer reaches back to the complaint, and that the complaint does not state a cause of action, in that it does not allege that plaintiff had a real-estate broker's license in Wisconsin.

The defendants' contention in this respect must be sustained.  A demurrer reaches back to the first pleading that is fatally defective. *Ireland v. Tomahawk L., T. & I. Co.* 185 Wis. 148, 150, 200 N. W. 642.  Plaintiff was required to have a broker's license in this state before he was authorized to negotiate a real-estate lease as a broker for another. Sec. 136.01, Stats.; *Payne v. Volkman,* 183 Wis. 412, 418, 198 N. W. 438.

This holding results in an affirmance of the order of the circuit court.  However, as the result may mean the amending of the complaint and another appeal, and as the appeal was fully submitted on questions involving the merits, we deem it wise to so consider the matter on this appeal.

The plaintiff brought a former action in the same court below involving the same transaction.  The case came on for trial before a jury.  At the conclusion of the evidence the court directed a verdict for defendant on the ground

that the contract was not in writing and the claim was not satisfactorily supported by proof. Thereafter the plaintiff made a motion for leave to amend his complaint to allege a cause of action on *quantum meruit,* to reopen the case, and grant a new trial.

The court denied the motion on the ground that the plaintiff had a choice of remedies and had elected to sue on express contract. The court said:

"The complaint may not now be amended after judgment, because to amend it as counsel seeks to do would be to introduce a new cause of action predicated upon a different theory, and because the proposed amendment is not one seeking to conform the pleadings to the proof, but rather to open the case after adverse judgment and introduce new pleadings, new theory, and different proof.

"The rule that a broker may recover *quantum meruit,* where an express contract pleaded is void, if properly pleaded originally or by amendment, is not so elastic as to allow amendment after adverse judgment where there is no proof to which the proposed amendment is intended to conform.

"The plaintiff stood upon express contract, undertook to prove it, failed in that effort, has had his day in court, and no valid reason is perceived why he should have another."

Plaintiff thereupon abandoned that proceeding and did not appeal from the order denying his motions, but commenced the action now here on this appeal. The defendants claim that the former order denying plaintiff's motion is *res judicata* and a bar to this action.

The doctrine of election of remedies applies where the same state of facts will support two or more inconsistent remedies. As the party is entitled to but one remedy for the same cause of action, he is put to his election as to which one he will rely upon. *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 85 N. W. 698; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1. Here the plaintiff did not have two remedies and he was mistaken as to the one he had. He made no election of remedies but sought a remedy he could not have.

The present action was not barred by the result in the former action for the reason that the present cause of action has not been litigated.   The former action was on express contract, which failed because of the bar of the statutes.

The present action was brought on *quantum meruit* to escape the bar of the statutes.   The two actions depend upon two different causes of action, different allegations of fact, and different proof.

"The best and most accurate test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the former and the present action."   *West v. Hennessy,* 58 Minn. 133, 59 N. W. 984.

We conclude that the former action and proceedings therein do not constitute a bar to this action.

The principal point involved on this appeal is whether or not an action may be sustained on *quantum meruit* since the decisions in *Seifert v. Dirk,* 175 Wis. 220, 184 N. W. 698; *Martins v. Bauer,* 188 Wis. 188, 205 N. W. 907; and *Estate of Kayser,* 190 Wis. 189, 208 N. W. 895, have been overruled by *Hale v. Kreisel, ante,* p. 271, 215 N. W. 227.   The plaintiff contends that he has a vested right in the cause of action which arose when the *Seifert* decision was the law of this state, and that as to him the later decision overruling the *Seifert Case* does not apply.   He contends that the rule in the *Hale Case* should be construed to apply prospectively and not retrospectively.   He urges that the rule in the *Seifert Case* should be here held *stare decisis;* that a contrary ruling will result in impairing the obligation of his implied contract under *quantum meruit;* and that defendants cannot avail themselves of the defense of the statute as construed in the *Hale Case,* on the ground that this court should hold that such defense can apply only to causes of action on *quantum meruit* arising after the *Hale* decision.

The question of *stare decisis* was argued in the *Hale Case,* and, manifestly, it was there determined against plaintiff's

contention here; otherwise we would not have overruled the *Seifert Case*.

If we now adhere to the *Hale* decision, as we do, then the question turns on its application to causes of action which arose during the time that the rule in the *Seifert Case* was the law of the state.

The contention that the application of the rule of the *Hale Case* to the case at bar impairs the obligation of contract under the protection of the constitution, is without merit. The federal constitution provides that no state shall pass any law impairing the obligation of contracts. It is not claimed that any law has been passed by this state impairing the obligation of any contract. No such claim can be made in this case. As is said in 6 Ruling Case Law, pp. 331, 332:

"In order to come within the provision of the constitution of the United States which declares that no state shall pass any law impairing the obligation of contracts, not only must the obligation of a contract have been impaired, but it must have been impaired by an enactment of the state. The prohibition is aimed at the legislative power of the state, and not at the decisions of its courts, or the acts of administrative or executive boards or officers, or the doings of corporations or individuals." Page 331.

"For the same reason a decision by the highest court of a state overruling a prior decision and holding unconstitutional a statute held to be constitutional by such decision does not impair the obligation of a contract entered into before the later decision was rendered. There is no vested right in the decisions of a court, and a change of decisions of a state court does not constitute the passing of a law, although the effect of such change is to impair the validity of a contract made in reliance on prior decisions." Page 332.

Plaintiff's last proposition is that his cause of action arose while the *Seifert Case* was in force and that to deny him relief interferes with his vested rights.

It is now quite generally held that the courts will not defeat a vested or property right acquired in reliance upon a

decision of the highest court of a state, construing the constitution or a statute of the state, while that decision remained unreversed. In other words, in such cases the courts will apply the law of the last decision prospectively instead of retrospectively. This rule is stated in 7 Ruling Case Law, p. 1010, as follows:

"The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law. To this the courts have established the exception that where a constitutional or statute law has received a given construction by the courts of last resort, and contracts have been made and rights acquired under and in accordance with such construction, such contracts may not be invalidated nor vested rights acquired under them impaired by a change of construction made by a subsequent decision. . . . The true rule in such cases is held to be to give a change of judicial construction in respect to a statute the same effect in its operation on contracts and existing contract rights that would be given to a legislative repeal or amendment; that is to say, make it prospective but not retroactive." Also see 15 Corp. Jur. 960.

However, the exception is founded on equity and justice, and generally on the principle that the party seeking to enforce his rights under the exception has done something in reliance upon the law as then declared by the highest court of final jurisdiction. Perhaps such reliance on the decision of the court may be presumed in the absence of proof to the contrary, but as in the instant case, where the fact affirmatively appears that plaintiff did not rely upon such decisions, but, on the contrary, entered into an express oral contract for a brokerage fee contrary to a statute of this state expressing the public policy of the state, it is difficult to see how plaintiff secured any vested rights in the common-law rule of *quantum meruit*. We deem the *Hale Case* supported by cogent reasons, and it was decided after full consideration of the principles of *stare decisis*. We think there should be

no departure from that decision except in cases where services were performed after the *Seifert Case,* in reliance thereon, and prior to the *Hale Case.*

*By the Court.*—The order of the circuit court is affirmed.