HARRIS, Respondent, vs. PETERSEN and wife, Appellants.

*May 9—June 18, 1928.*

*Jacob S. Rothstein* of Milwaukee, for the appellants.

For the respondent there was a brief by *Foster & Dieterich* of Milwaukee, and oral argument by *A. W. Foster.*

STEVENS, J. The defendants contend that there was no consideration for the note upon which judgment was entered because it appears upon the face of the note that the only

consideration therefor was "commission for selling" certain real estate described therein. This contention is based on the fact that sec. 240.10 of the Statutes as construed in *Hale v. Kreisel,* 194 Wis. 271, 215 N. W. 227, deprives a real-estate broker of the right to recover for services rendered under a parol contract to pay commissions.

The plaintiff in fact performed services which resulted in a contract to sell the property of the defendants. He also expended money for abstracts which he would have a right to recover under the statute as interpreted in *Hale v. Kreisel.* Such expenses incurred for the benefit of the owner of property are not within the terms of sec. 240.10 of the Statutes, which, by its express language, is limited to contracts "to pay a commission" to real-estate brokers.

At the time the services were performed and at the time that the note was given, the plaintiff had the right to recover compensation under the interpretation given sec. 240.10 of the Statutes in *Seifert v. Dirk,* 175 Wis. 220, 184 N. W. 698. Had the plaintiff sued for his commission at the time the note was given he could have recovered judgment. The performance of the services and the foregoing of the right to collect at the time the note was given constituted good consideration for the note. The right to recover for services rendered was a right vested in the plaintiff which was not taken away by the subsequent change in the interpretation of sec. 240.10. *Nickoll v. Racine C. & S. Co.* 194 Wis. 298, 216 N. W. 502, 504.

*By the Court.*—Judgment affirmed.