PRINZ, Respondent, vs. AUSSEM and wife, Appellants.

*March 10—April 5, 1932.*

For the appellants there was a brief by *George J. Aussem,* attorney, and *Walter D. Corrigan, Sr.* of counsel, both of Milwaukee, and oral argument by *Mr. Corrigan.*

For the respondent there was a brief by *Schanen & Huiras* of Port Washington, and oral argument by *Peter M. Huiras.*

OWEN, J.  On the 8th day of October, 1928, the defendants were the owners of a hotel property in the village of Thiensville.  The plaintiff was a real-estate agent and broker doing business in the city of Milwaukee.  It having come to his knowledge that the defendants desired to sell their hotel property, he on October 8, 1928, introduced to defendants one Lou H. Hartman, a prospective purchaser of the premises.  The premises were viewed by her on that day and the sale price and terms were discussed.  The defendants stated that they wanted $27,000 for the premises, one-third to be paid in cash.  She returned to Milwaukee, stating that she would view the premises again the next day in company with a friend whose judgment concerning the purchase she desired.  That evening Printz procured the defendants to sign the following agreement:

"October 8, 1928.

"We hereby agree to pay to Jas. Prinz two thousand dollars commission for the sale of our property located at Thiensville, Wisconsin.

"Payments to be made as follows: one thousand dollars to be paid from the money received as first payment.

"One thousand dollars to be paid as it is received from the purchaser under a land contract either as principal or interest.

"(Signed) GERHARD AUSSEM.
"Accepted by Jas. J. Prinz.     LENA AUSSEM."

Miss Hartman viewed the premises in company with her friend the next day, and then advised the defendants that she could pay but $5,000 in cash.  No deal was concluded

that day. She returned the next day, however, and said that she could pay but $3,000 in cash. After some negotiations the defendants concluded to sell her the premises upon a cash payment of $3,000, the balance to be secured by land contract. The land contract was executed, the $3,000 in cash paid, and the defendants paid to Prinz the sum of $750 to apply on his commission.

This action is brought to recover the balance of $1,250, the amount of commission agreed to be paid by the terms of the contract above set forth.

· The case was tried before a jury. At the conclusion of the trial, however, each party made a motion for a directed verdict, whereupon the court discharged the jury and took the case under advisement. In due course the trial judge filed findings of fact and conclusions of law, directing judgment in favor of the plaintiff. This appeal is by the defendants from the judgment entered upon such findings.

The principal contention made by the appellants for a reversal of the judgment, and the only one which we need consider, is that the contract upon which the action is predicated does not comply with the provisions of sec. 240.10, Stats., relating to real-estate agency contracts, and is therefore void. Obviously, the contract fails to comply with the provisions of that section, in that it does not describe the real estate to be sold, it does not express the price for which the same may be sold, and it does not state the period during which the agent or broker shall procure a buyer.

The appellants place no reliance upon the failure of the contract to describe the real estate, as it is conceded that the defendants owned no other property at Thiensville, and that the property which was the subject of the contract was capable of identification under the rule set forth in *Gifford v. Straub,* 172 Wis. 396, 179 N. W. 600. They do rely upon the fact, however, that the contract does not express the price for which the premises may be sold, and that it does not

state the period during which the agent or broker shall procure a buyer. These are features which sec. 240.10 expressly and definitely requires to be stated in the contract.

The circuit judge recognized these defects in the contract, but sought to avoid the consequences of such defects upon two grounds: (1) that the contract was one to pay for services the broker had already rendered and performed and not for services to be rendered in the future, for which reason he concluded that the provisions of sec. 240.10 had no application. With this conclusion we cannot agree. At the time the commission contract was entered into, Miss Hartman was nothing more than a prospective purchaser. She had not even said that she would buy the premises. She had then returned to Milwaukee with the understanding that she would return the next day with a friend and adviser to examine the premises again. She had not even advised the defendants that she was unable to comply with their express terms of payment so far as the required down cash payment was concerned. The deal was not closed with Miss Hartman until two days after the commission contract was signed, and then upon terms quite different from those in the minds of the defendants when the commission contract was signed. Even though sec. 240.10 does not apply to a contract for the payment of real-estate commissions after they have been earned, a question not here decided, that principle is not applicable to this situation, for the reason that the commission was not earned until a deal had been completed between the defendants and the purchaser. (2) The circuit judge further realized that the commission contract failed to comply with sec. 240.10, because it did not express the price for which the premises might be sold. He concluded, however, that the sentence contained in the commission contract, reading "one thousand dollars to be paid as it is received from the purchaser under a land contract either as principal or interest," made the land contract

thereafter entered into between the defendants and the purchaser a part of the commission contract, and, in view of the fact that the land contract did state the price at which the premises were in fact sold, the price at which the premises were to be sold appeared when the commission contract and the land contract were read together as one document, which he held could be done. In the first place, there was no land contract in existence at the time the commission contract was drawn, and, in the second place, the commission contract does not even attempt to make the future land contract a part of the commission contract. It follows inevitably that the commission contract does not conform to the provisions of sec. 240.10, Stats., that it is void, and that no action can be maintained thereon. *Hale v. Kreisel,* 194 Wis. 271, 215 N. W. 227; *Harris v. Petersen,* 196 Wis. 310, 220 N. W. 174; *Nickoll v. Racine Cloak & Suit Co.* 194 Wis. 298, 216 N. W. 502.

The respondent contends that the commission contract was changed by the defendant Aussem when he took the original prepared by the plaintiff, Prinz, and transcribed it in duplicate on his typewriter, that the contract as signed did not express the real agreement between the parties, and that it should be reformed. The complaint prayed for no reformation of the contract, although it specifically stated that only a part of the contract was in writing. At the close of the evidence plaintiff moved that the complaint be amended so as to contain a prayer for the reformation of the contract according to the evidence. This motion, however, was not granted by the court, and, as respondent has filed no notice of review, the propriety of the action of the court in this respect cannot be reviewed. It follows that the judgment appealed from must be reversed and cause remanded with instructions to render judgment dismissing plaintiff's complaint.

*By the Court.*—So ordered.