**COWAN v. F. H. E. OIL CO. et al.**
**No. 14443.**

Court of Civil Appeals of Texas.
Fort Worth.

March 12, 1943.

Rehearing Denied April 9, 1943.

Martin, Moore & Brewster and Harris Brewster, all of Fort Worth, for appellant.

Hardwicke & Cheek and Obel L. McAlister, all of Fort Worth, for appellees.

BROWN, Justice.

Believing that a majority of the court erred in reversing and remanding this cause, at a former hearing, we withdraw the former opinion and vacate and set aside the former judgment entered December 18, 1942, whereby we reversed the judgment of the trial court, and we substitute the following opinion:

Appellant, Richard T. Cowan, sued the appellee corporations alleging that these defendants, on or about January 1, 1941, agreed with plaintiff that if he would procure the purchase of certain oil and gas leases for them they would pay him $5,000; that he fulfilled the contract and that same was evidenced by a written memorandum sufficient to comply with Article 3995a, Vernon's Ann.Rev.Civ.St.; and, in the alternative, if he did not comply with such pleaded express contract, he had rendered valuable services for defendants, all of which was the procuring cause of the purchase of the said lease, and that he is entitled to recover on a quantum meruit basis; also that the entire contract had been performed with the exception of the payment to plaintiff for services rendered; that defendants have taken possession of the properties, have erected valuable im-

provements upon same and received the benefit of plaintiff's services and that it would be inequitable and unjust and a fraud upon plaintiff to permit defendants to deny him a recovery, and defendants are therefore estopped; it was further pleaded that at the inception of the negotiations between the plaintiff and defendants, defendants' authorized agent promised plaintiff to execute a memorandum in writing covering their agreement, but that at the time such promise was made the said agent did not intend to make good his promise; that relying upon same he spent much time, effort and money for defendants' benefit, in reliance upon such promise; that defendants are therefore estopped to plead the provisions of Article 3995a as a defense; it was further alleged that, although plaintiff did not have a broker's license at the time defendants employed him, he had complied with the provisions of Article 600a, Vernon's Ann.Rev.Civ.St., and was licensed on March 22, 1941, and that the negotiations under the contract made with him were not closed until April 30, 1941, and plaintiff's cause of action did not arise until such last-named date; also, that said Art. 600a does not apply to such transaction as that pleaded by plaintiff.

To this petition defendants addressed seven special exceptions: (1) That the pleading seeks to recover on an oral contract violative of the provisions of said Article 3995a; (2) that the allegations touching the execution of a written memorandum of the contract of employment are insufficient to comply with said statute; (3) that the allegations touching a right to recover on a quantum meruit basis are insufficient when read in the light of said last-named statute; (4) that the allegations in paragraph 8 of the petition attempting to raise the issue of estoppel are insufficient because they constitute an attempt to render nugatory the provisions of said statute; (5) that the allegations in paragraph 9 are insufficient in that they constitute an attempt to enforce indirectly an alleged oral contract of employment contrary to the provisions of said statute; (6) that the allegations in paragraph 10 are insufficient, in that it affirmatively appears that the plaintiff did not have a broker's license at the time he claims to have been employed and at the time he claims to have rendered the services alleged, and that he is precluded from a recovery by the provisions of said Article 600a; (7) that the allegations in paragraph 11 are insufficient wherein the plaintiff asserts that the provisions of said Article 600a do not govern and apply to plaintiff's alleged cause of action.

The trial court sustained all special exceptions, the plaintiff declined to amend, and the cause was dismissed. Hence the appeal.

The memorandum in writing, relied upon by appellant, an exhibit to his petition, is:

"F. H. E. Oil Company,
"Fort Worth, Texas,
"January 23, 1941.
"Special Delivery
"Mr. R. T. Cowan .
"409 Lindsey Lane,
"Tyler, Texas.
"In Re: Barnett Petroleum Corporation Properties, Stephens County, Texas.
"Dear Dick:
"I hand you herewith our offer of purchase of these properties. Please check the same very carefully to be sure I have not overlooked anything, and if you find the same in order, please deliver it to Mr. Bullington and advise me when you have done so.
"I am enclosing a copy of the offer for your file.
"With best personal regards, I am,
"Very cordially yours,
"Harry Brelsford.
"HB:WL
"Enc."

Copies of the offers of purchase, describing the properties mentioned in the petition and setting forth the terms of purchase, are also made exhibits.

The first question presented: Is the letter from Brelsford (alleged to be defendants' agent) written on F. H. E. Oil Company stationery, when read in connection with the offers of purchase, a sufficient memorandum to take the cause of action out of the restrictions of Article 3995a?

■ Let it be remembered that Article 3995 (Vernon's Texas Civil Statutes) is the old statute of frauds, and the new article—3995a—is in effect an amendment to same.

· ■ The following cases seem to hold that the written memoranda relied upon by Cowan are insufficient to meet the requirements of Article 3995a: Walker Ave-

nue Realty Co. v. Alaskan Fur Company, Tex.Civ.App., 131 S.W.2d 196, writ refused; Hale v. Kreisel, 194 Wis. 271, 215 N.W. 227, 56 A.L.R. 780; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064; and Munk v. Weidner, 9 Tex.Civ.App. 491, 29 S.W. 409.

Other cases of like import not only from Texas courts but from other jurisdictions where similar statutes are in force could be cited.

We are of opinion that the trial court committed no error and the judgment is affirmed.