## HANCOCK v. SOSBEE.
### No. 4385.

Court of Civil Appeals of Texas. El Paso.

June 29, 1944.

Rehearing Denied July 20, 1944.

Eades & Eades, D. B. Eades, Allen Eades, and F. B. Davenport, all of Dallas, for appellant.

Hughes & Monroe, of Dallas (P. P. Ballowe, of Dallas, of counsel), for appellee.

SUTTON, Justice.

This is an appeal from County Court Number Two at Law, Dallas County.

The appellant, Will Hancock, sued A. E. Sosbee to recover $475, alleged to be due him as a commission for the procurement of a buyer named by the defendant for a certain piece of Dallas City property. The allegations were the usual ones to recover a commission such as sued for here with reference to two written contracts attached as exhibits relied upon under the provisions of Sec. 22, Art. 6573a, Vernon's Annotated Civil Statutes.

The defendant answered with three special exceptions and a special answer. The second special exception was that under the provisions of the statute, supra, "A broker is not as a matter of law entitled to recover a commission unless the agreement to pay the commission is evidenced by a written promise signed by the person to be charged." The trial court concluded the exception was good and should be sustained because the suit was one to recover a commission based upon an oral contract. Plaintiff declined to amend and the suit was dismissed; exception was duly taken, judgment entered, and this appeal therefrom has been prosecuted.

The plaintiff has two points of error. They are, briefly, first, the court erred because Sec. 22 of the statute, supra, is unconstitutional, "being materially different and in conflict with the caption of the act"; and secondly the court erred because "plaintiff pleaded a written agreement for sale of the property involved."

The applicable provision of Sec. 22, supra, is:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized."

The pertinent portion of the caption is:

"* * * providing that no action shall be brought in any court for recovery of any commission unless the agreement for sale be in writing or some memorandum thereof." Acts 1939, p. 560.

We need not discuss the disinclination of courts to declare unconstitutional acts of the Legislature, nor the rules concerning such. As we understand the provision and the applicable part of the caption, they are in substantially the same language and not

different, hence not in conflict. The constitutional challenge cannot be sustained.

The contract pleaded and relied upon reads:

"Jan 23, 1942.
"Will Hancock.
"I will accept $9500.00 cash for the 133 x 150' lot on the Southeast corner of Worth & Haskell, provided a deal is accepted by J. W. McMurray on or before Feb. 7th 1942.

"A. E. Sosbee
"2/7/42—9:30 A.M. Accepted & Contract signed.
"John W. McMurray.
"Witness: Will Hancock, Agent."

■■ Of course, the exact question presented here is whether or not the memorandum supra is sufficient to satisfy the provisions of the statute. We have had some difficulty in reaching a satisfactory answer to this question. This statute is a mere enlargement of the old statute of frauds, Art. 3995, Vernon's statutes, and the construction of the original statute should have great weight in the consideration of this additional provision. In the old and often quoted case of Fulton v. Robinson, 55 Tex. 401, the only memorandum relied upon and held sufficient was a receipt as follows:

"Received of James Henderson three hundred dollars, in part payment of a certain tract of land, being my own headright, lying on Rush creek, in the cross timbers, this 23d March, 1859.

"Israel Earles."

which case is cited and commented on in Spires v. Mann, Tex.Civ.App., 173 S.W.2d 200, error refused. These authorities are very persuasive on the sufficiency of the memorandum under the statute and for the admission of proof of the consideration. However, we are unable to distinguish the instant case from the case of Cowan v. F. H. E. Oil Co., Tex.Civ.App., 169 S.W.2d 994, error refused, construing Art. 3995a, Vernon's Ann.Civ.St. another provision of the statute of frauds in the exact language found here. It was there held the memorandum, we think as comprehensive as the one involved here, was insufficient to meet the requirements of the statute. We are constrained, therefore, under the latter authority to hold the memorandum in the instant case insufficient to meet the requirements of the law.

The judgment of the trial court is accordingly affirmed.