BREST, Appellant, vs. MAENAT REALTY COMPANY, Respondent.

*September 15—October 10, 1944.*

632

*George A. Gessner* of Milwaukee, for the appellant.

For the respondent there was a brief by *Hersh & Morse* of Milwaukee, and oral argument by *Herbert Morse*.

FOWLER, J.   The nature of the action and the terms of the contract sued upon are stated in the foregoing statement.   The case was tried to the court without a jury.   The court dismissed the complaint.   The trial judge stated as ground for dismissal that the contract sued upon does not conform to sec. 240.10, Stats.   This statute, so far as here material, reads as follows:

"Every contract to pay a commission to a real-estate agent . . . for . . . negotiating a lease . . . [of real estate] for a term . . . exceeding . . . three years shall be void unless such contract . . . describing such real estate, expressing the . . . terms of rental, the commission to be paid and the period during which the agent . . . shall procure a . . . tenant, be in writing and be subscribed by the person agreeing to pay such commission."

It is to be noted that Exhibit 1 is the only writing signed by the defendant that promises to pay the $2,500 commission. It constitutes the contract that must conform to the statute.

It sufficiently describes the property, and Mr. Levine, the person produced by the plaintiff, was able to pay the rental and fulfil the other general terms stated in Exhibit 2. But Exhibit 1 must comprise in itself the terms expressly prescribed by the statute. It does not do this. It does not state the terms of rental or the period in which the tenant should be procured. The trial judge's ruling therefore was correct.

It is further to be noted that by Exhibit 1 the payment of a commission is conditioned on the consummation of a satisfactory deal. No deal was consummated. The two writings were signed to confirm a prior oral agreement so far as agreement had been reached. When it came to agreeing upon the terms of the lease to be executed the defendant required that the lessee should take a lease subject to an unexpired contract with a concessionaire for maintaining a stand in the lobby of the theater for the sale of candy, and further required that the lessee carry out unexpired contracts for the use of specified films for exhibition in the theater. This Mr. Levine refused to do, and negotiations thereupon ended, and a lease was executed to another tenant not produced by the plaintiff who accepted a lease which met the requirements of the defendant in these respects.

The plaintiff contends that as the two writings were executed at the same time Exhibit 2 should be considered as a part of the contract to pay a commission. But Exhibit 1 expressly states that it relates to plaintiff's commission. Exhibit 2 expressly states that it relates to leasing the theater. If Exhibit 1 expressly made Exhibit 2 a part of it, or perhaps if it expressly referred to it, this would be correct, but it does neither. In absence of both Exhibit 1 is void under the statute. *Prinz v. Aussem,* 207 Wis. 603, 607, 242 N. W. 183; *Hewett Grain & Provisions Co. v. Spear,* 222 Mich. 608, 193 N. W. 291. The contract for commission is an enlargement of the statute of frauds. *Hale v. Kreisel,* 194 Wis. 271, 215 N. W. 227. Such contract is not satisfied unless "it con-

tains all the essential terms of the contract, either by its terms or by reference to other writings." *Harney v. Burhans,* 91 Wis. 348, 351, 64 N. W. 1031.

As above stated, the two writings were written to confirm agreements reached in prior oral conversations, so far as agreements were reached therein. By plaintiff's own testimony the two exhibits were written because the plaintiff "asked for both, a commission agreement and an option to give Mr. Levine." Having asked for an agreement especially covering payment of his commission he should have incorporated in it all provisions prescribed by the statute.

It is quite true that when instruments are executed and delivered at the same time they will be construed together in order to determine the nature of the transaction and the intent of the parties. But this is not true when the two instruments, though both relating to the same transaction, relate to two distinct subjects or provide for two distinct things. Thus a note and mortgage relate to the same transaction, but the mortgage cannot be considered to affect the negotiability of the note. The note evidences the debt; the mortgage the security for it. *Thorp v. Mindeman,* 123 Wis. 149, 154, 101 N. W. 417. To be taken together as evidencing the same thing the two instruments must not only both relate to the same transaction, but they must both have the same object. *Seaman v. McNamara,* 180 Wis. 609, 193 N. W. 377.

In the *Seaman Case, supra,* two instruments were construed together; a note and another writing executed at the same time were held to constitute the contract between the parties and thus to have the same object. But the object of the note sued on in that case was to express the promise of the maker to pay money, and the object of the agreement considered with it in part was to promise the same payment. Here the contemporaneous agreement did not relate at all to the payment of the money. Here the promise to pay had by statute to comprise specific matters to make it valid. These statutory

matters were omitted and the instrument evidencing the promise was void on its face. In the *Seaman Case* there was no omission of statutory requirements and the note evidencing the obligation of the maker was valid on its face. The *Seaman Case* is not parallel to the instant case in its facts and does not conflict with the *Prinz Case, supra.*

*By the Court.*—The judgment of the circuit court is affirmed.