Otto, Appellant, vs. Black Eagle Oil Company and
another, Respondents.

*February 3—March 2, 1954.*

For the appellant there was a brief by *Orth, Riedl & Orth,* attorneys, and *Charles A. Orth, Jr.,* of counsel, all of Milwaukee, and oral argument by *Charles A. Orth, Jr.*

For the respondents there was a brief and oral argument by *Herbert L. Mount* of Milwaukee.

MARTIN, J.    Sec. 240.10, Stats., provides:

"Every contract to pay a commission to a real-estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, or terms of rental, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

Under the provisions of this section the verbal agreement upon which plaintiff bases his claim was void.   He argues that he was the "procuring cause" of the sale and thus comes within the language of *Grieb v. Koeffler* (1906), 127 Wis. 314, 106 N. W. 113.   It will be noted, however, that the case was decided before sec. 240.10, Stats., was enacted, and that the court, in determining that it was competent to show the circumstances under which the sale was made as bearing upon the question of who was the procuring cause of the sale, was not considering a claim under a void contract.   If the words "procuring cause" were to be given the recognition contended for by plaintiff under the facts of this case, it would open the door to abuses which the statute was intended to prevent. By the same token plaintiff cannot be permitted to recover on *quantum meruit*.   In *Hale v. Kreisel* (1927), 194 Wis. 271, 272, 273, 215 N. W. 227, it was said:

" 'The statute was doubtless enacted for reasons similar to those which led to the enactment of the statute of frauds. It was to prevent frauds and perjuries. Its enforcement will sometimes protect brokers who have rendered valuable services too little appreciated. More often it will protect owners from unfounded claims. It will tend to prevent the flood of litigation arising out of misunderstandings between well-meaning persons. We believe that in order to carry out the legislative intent we should hold contracts void which do not substantially comply with the statute. In other words, that the statute means what it says.' *Gifford v. Straub,* 172 Wis. 396, 399, 400, 179 N. W. 600. See also *Danielson v. Goebel,* 71 Neb. 300, 302, 98 N. W. 819, 820; *Selvage v. Talbott,* 175 Ind. 648, 95 N. E. 114, 33 L. R. A. (N. S.) 973, 975.

"To hold that there can be recovery upon *quantum meruit* is 'to open the door to the very abuses the statute was enacted to prevent, and defeat its manifest purpose.' *Barney v. Lasbury,* 76 Neb. 701, 705, 107 N. W. 989, 991.

". . . the rule in Wisconsin must be brought into harmony with the clear intent of the legislature and also into harmony with the adjudicated cases by holding that there can be no recovery in the nature of commissions by real-estate brokers or others upon *quantum meruit* for services rendered in buying or selling real estate.

". . . The obvious reasons for these decisions is that the application of the rule which permits recovery upon *quantum meruit* to the case of real-estate brokers absolutely nullifies these statutes which declare every such contract to be void if not in writing. These statutes leave no opportunity for the law to imply a contract. They apply to implied agreements as well as to those that are express."

In attempting to make the defendant Dunnigan personally liable for the payment of his claim, plaintiff alleges that Dunnigan "in both his individual and representative capacity has promised to pay plaintiff's claim from time to time," but it is clear from the complaint that the alleged obligation to pay commission was that of the defendant company. Any subsequent promise of Dunnigan to pay such an obligation

of the company, not being in writing, would be void under
sec. 241.02 (2), Stats.

Plaintiff also prays for an accounting with reference to
the sale. In our opinion the learned trial court was correct
in holding that this is not a case which can be classified as an
action in equity, citing *Kirkpatrick v. Jackson* (1949), 256
Wis. 208, 40 N. W. (2d) 372. The only basis for plaintiff's
claim is a void contract, and equity jurisdiction cannot be
invoked to defeat the purposes for which a statute is enacted.

*By the Court.*—Order affirmed.