Raskin, Respondent, v. Hack and another, Appellants.

*March 7—April 3, 1962.*

For the appellants there was a brief by *M. J. Levin,* attorney, and *Charles H. Kahn* of counsel, both of Milwaukee, and oral argument by *Mr. Levin.*

For the respondent there was a brief by *Harris & Blumenthal,* attorneys, and *Alvin Richman* of counsel, all of Milwaukee, and oral argument by *Mr. Harold Harris* and *Mr. Richman.*

BROADFOOT, C. J.    Sec. 240.10, Stats., reads as follows:

"Every contract to pay a commission to a real-estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, or terms of rental, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

Unless the agreement marked Exhibit "A" and attached to the complaint complies with the statute the plaintiff has not stated a cause of action. He does not allege that the agreement entered into in June, 1960, was in writing. The agreement attached to the complaint is dated August 4, 1960. The parties thereto are a Eugene Tehan and Charlotte

Tehan, therein called the seller, and Morris J. Hack, as agent for an undisclosed principal, therein called the buyer. The agreement was signed by Charlotte M. Tehan and Morris J. Hack.

Under the terms of the agreement the seller agreed to sell and the buyer agreed to buy a tract of land described therein. The purchase price of said real estate was stated to be the sum of $215,000, of which $5,000 was paid at the execution and delivery of the agreement. The sale was to be closed on or before the 15th day of September, 1960, at the office of an attorney in Milwaukee. The agreement provided for conveyance by warranty deed upon payment of $75,000, of which $60,000 was to be in cash and $15,000 in a note payable to "the broker." In addition, the buyer was to assume a mortgage for $140,000 having a remaining term of two years and two months. The note to "the broker" was to be payable simultaneously with the payment of the mortgage. In case the buyer failed to carry out the agreement it was provided therein that all moneys paid thereunder should, at the option of the seller, be forfeited and paid to the seller as liquidated damages subject to deductions of broker's commission and disbursements.

The agreement further provided that all moneys paid under the contract be retained by Melvin B. Raskin, broker, in his customer's trust account in a bank in Milwaukee county until the termination of the agreement. That is the only time that the name of a broker appears in the agreement. The note for $15,000 is to be payable to "the broker," and the amount is deducted from the purchase price. The only other reference to a commission is that in case the buyer fails to carry out the agreement, moneys paid thereunder be forfeited and paid to the seller as liquidated damages subject to deductions of broker's commission and disbursements. These provisions indicate that the commission is to be paid by the seller and not by the buyer. We

find nothing therein that contains an agreement by the defendants, or either of them, to pay the plaintiff a commission as required by sec. 240.10, Stats.

In order to carry out the legislative intent, courts hold void contracts which do not substantially comply with the same. *Hale v. Kreisel* (1927), 194 Wis. 271, 215 N. W. 227; *Otto v. Black Eagle Oil Co.* (1954), 266 Wis. 215, 63 N. W. (2d) 47. The complaint does not show a written contract that substantially complies with the provisions of the statute and the demurrer should have been sustained.

*By the Court.*—Order reversed. Cause remanded with directions to enter an order sustaining the demurrer of the defendants.

GORDON, J., took no part.