Wozny, d/b/a H. E. Wozny Company, Appellant, v. Basack, Respondent.

*September 6—October 1, 1963.*

For the appellant there was a brief by *Fons & Fons* of Milwaukee, and oral argument by *Norman J. Fons.*

For the respondent there was a brief and oral argument by *Robert E. Hankel* of West Allis.

FAIRCHILD, J.   Sec. 240.10, Stats., provides:

"Every contract to pay a commission to a real estate agent or broker or to any other person for selling or buying real estate or negotiating lease therefor for a term or terms exceeding a period of three years shall be void unless such contract or note or memorandum thereof describing such real estate, expressing the price for which the same may be sold or purchased, or terms of rental, the commission to be paid and the period during which the agent or broker shall procure a buyer or seller or tenant, be in writing and be subscribed by the person agreeing to pay such commission."

The respondent contends that the listing contract failed to express the "terms of rental" as required by the statute and is void. The only provision which could possibly denote "terms of rental" is the requirement that the broker secure a "suitable tenant."

Sec. 240.10, Stats., has been termed by this court to be an extension of the statute of frauds.[1] The court has, however, held that it would nullify the statute to permit a broker to recover upon *quantum meruit* for services performed in finding a buyer (or tenant).[2]

[1] *Hale v. Kreisel* (1927), 194 Wis. 271, 272, 215 N. W. 227.
[2] *Otto v. Black Eagle Oil Co.* (1954), 266 Wis. 215, 63 N. W. (2d) 47; *Hale v. Kreisel, supra,* footnote 1.

It has been argued that where the listing contract does not specify the sale price or terms of rental, but the broker's employer has entered into a contract to sell at a price, or a lease upon specified terms, the contract to sell or the lease supplies the missing terms and gives validity to the listing contract. This court, however, has decided the contrary.[3]

This court has also held that where the contract contains no terms of rental except as might be implied from a provision that a commission will be paid if a "satisfactory deal is consummated" between the broker's employer and a prospect, the statute is not fulfilled and the listing contract is void.[4] If a contract for commission conditioned upon a "satisfactory deal" is insufficient for failure to express terms of rental, a contract conditioned upon the finding of a "suitable tenant" can enjoy no greater validity.

The appellant relies on language of this court in *Nordale Realty Co. v. Hanel*[5] implying, says appellant, that a listing may provide for negotiation of terms, and that a commission is earned when the buyer and seller agree upon the terms. *Nordale,* however, involved listing for sale, and the listing contracts did express the price, although the terms of payment were to be negotiated. This court decided that an offer produced by the broker did not fulfil the listing contract. Although the owner had apparently challenged the listing contract in the trial court as void for uncertainty, there was no discussion in the opinion of the court of that challenge, nor of the statutory requirements. With respect to sale the statute requires a statement of price but not a statement of terms.

Plaintiff's most-appealing argument is that it was not reasonably possible to state terms of rental for a building

---

[3] *Prinz v. Aussem* (1932), 207 Wis. 603, 607, 242 N. W. 183.

[4] *Brest v. Maenat Realty Co.* (1944), 245 Wis. 631, 632, 15 N. W. (2d) 798.

[5] (1947), 251 Wis. 136, 28 N. W. (2d) 245

which did not exist, but which the owner might choose to erect, depending upon the requirements of the prospective tenant, the investment necessary, and the return to be had. It would require thought and care, of course, to express terms in these circumstances, or possibly formulae by which specific terms could be determined. We do not, however, view the matter as so nearly impossible as to render absurd the application of the statutory requirement to this contract.

The county court correctly concluded that the alleged contract was void, and properly sustained the demurrer.

*By the Court.*—Order affirmed.