Frederick Backer, J.
Defendant Royal Business Funds Corporation moves for dismissal of the complaint upon the ground that the .Statute of Frauds bars its maintenance. It *311 is the named defendant in the first and second causes asserted on behalf of plaintiff Minichiello. Each is in quantum meruit and the alleged services were rendered in the period September 1, 1963 to March 31, 1964. Defendant relies on the basic fact undisputed on this motion that the subject matter is not covered by any writing and upon the basic legal argument that subdivision 10 of section 5-701 of the General Obligations Law (as amd. by L. 1964, ch. 561) effective September 27, 1964 is applicable and maintenance of those causes is therefore barred.
The argument is that subdivision 10 of section 31 of the Personal Property Law was intended at the time of its enactment in 1949, to bar causes in quantum meruit, that subdivision 10 of section 5-701 was enacted to say so, that the error into which the courts had fallen in so construing Personal Property Law that maintenance of suits in quantum meruit was permissible, should not be continued.
The intent of the later enactment is to be discovered, says the defendant from the Law Revision Commission memorandum (N. Y. Legis. Doc., 1964, No. 65 [F]), which stated: “In recommending the statute, the Commission relied on a uniform current of authority, under similar statutes in other states, denying such claims on the ground that ‘ the application of the rule which permits recovery upon quantum meruit to the case of real estate brokers absolutely nullifies these statutes. Hale v. Kreisel, 194 Wis. 271, 215 N. W. 227 [1927], quoted in Leg. Doc. [1949] No. 65 [G], p. 22. The Commission therefore recommends an amendment to make clear that no recovery on a quantum meruit theory was intended.”
Of course, the question of intent is one for the court to determine in any judicial proceeding and in Harmon v. Peats Co. (243 N. Y. 473, 476) the Court of Appeals stated: “ Treating the action as one to recover on quantum meruit, the Statute of Frauds could not apply.” Nullification could refer to a proper legal construction by which a statute is found not to be sufficiently broad in its coverage to attain a claimed goal, or to a disregard of statute and its proper construction in the light of evidence of its intention. The same memorandum states: “ This is an amendment recommended by the Law Revision Commission. See Leg. Doc. (1964) No. 65 (F). Its purpose is to make clear that the contracts required to be evidenced by writing include a contract or agreement for the compensation of a business broker for acting as a 1 finder ’, 1 originator 5 or ‘ introducer 5 or for assisting in the negotiation or consummation of the transaction, and that the requirement cannot be avoided by an action for compensation in quantum meruit.” (L. 1964, *312 Vol. 2, p. 1533 n.) It is then argued that: ‘ ‘ Where there occurs an overruling of a judicial decision the effect is usually one of application of the new rule to past events.” This begs the question whether a decision was overruled and whether retro-activity was intended. Certainly, the latter is not made expressly to appear. In support of its position, defendant alludes again to the Law Revision Commission memorandum on the 1964 statute and to the reference therein to the 1949 Legislative Document No. 65 (G) where is was stated at page 615: ‘ ‘ Under existing law there is no requirement that business brokers’ contracts for commissions be in writing. The nature of the transactions is such that, in the absence of the requirement of a writing, unfounded and multiple claims for commissions are frequently asserted, and employers often seek to escape liability by denying the fact of employment. These controversies are commonly resolved by juries on conflicting testimony, with the consequent danger of erroneous verdicts.” And at page 621: “ The basis for the suggestion ” (that claims for commissions on business loans or sales be in writing) ‘ ‘ was a feeling that the absence of such legislation permitted business men to be harassed by unfounded claims for commissions on transactions where they had not intended to engage any agent, or had not intended to engage the agent making the claim.” The proposal for enactment of subdivision 10 of section 31 of the Personal Property Law is thus seen to bar contract commission actions unless in writing; and with the emphasis on contract actions, the intention is not made manifest that suits in quantum meruit were barred.
It must be concluded, therefore, that the courts did not misconstrue; that judicial ruling was not overruled; and that the 1964 enactment was truly an amendment. It was not made retroactive. The motion for dismissal is denied.