**In the Matter of CAROL JANET, INC., Debtor.**

**Bankruptcy No. 84–00193.**

United States Bankruptcy Court, E.D. Wisconsin.

May 24, 1985.

Brian W. McGrath, Foley & Lardner, Milwaukee, Wis., for Grand Avenue Corp.

Howard A. Schoenfeld, Trebon & Schoenfeld, Milwaukee, Wis., for debtor.

C.N. CLEVERT, Bankruptcy Judge.

This matter is before the court for a determination of whether payments due from the debtor-tenant, Carol Janet, Inc., (Carol Janet) to its landlord, Grand Avenue Corporation (Grand Avenue) for leasehold improvements constitute "rent" as provided by an exhibit attached to their original lease.

On August 21, 1984, Grand Avenue filed a motion for relief from the automatic stay pursuant to § 362(d) of the Bankruptcy Code along with the request for immediate possession of the premises it leased to Carol Janet in the John Plankinton Building, 161 W. Wisconsin Avenue, Milwaukee, Wisconsin. Carol Janet objected to the motion and the court conducted a conference with the parties which led to an agreement that the stay would remain in effect while the court interpreted the lease and Exhibit "B", entitled, "Repayment of Cost of Leasehold Improvements".

Exhibit "B" reads as follows:

For leasehold improvements, completion of which is hereby acknowledged by Tenant, Tenant agrees to pay to Landlord monthly installments of $252.90 beginning January 1, 1983 and continuing through the expiration of the lease term of December 31, 1987. For the purposes of this paragraph, the principal amount due beginning January 1, 1983 is $9,956.84. In the event of default on the Lease, as defined in Article 25 of this Lease, the total remaining unamortized balance becomes due and payable.

Carol Janet argues that its obligation under Exhibit "B" is distinct from its obligation to pay rent under the lease, whereas Grand Avenue is of the opposite view.

## DISCUSSION

■ After a careful review of the lease, the court finds that the sums due to Grand

Avenue for leasehold improvements are rent.

■ Rent is generally defined as the amount due for the use and occupation of land or other property. *Matter of Daben Corp.*, 469 F.Supp. 135 (D.P.R.1979); *Worcester Masonic Charity & Educational Association v. Assessors of Worcester*, 326 Mass. 409, 94 N.E.2d 763, 765 (1950); *University Plaza Shopping Center, Inc. v. Garcia*, 279 Md. 61, 367 A.2d 957 (1977).

The lease in this case provides for payment of "Basic Rent", and "Additional Rent". Additional rent is defined in § 3.1 of the rental agreement. This section reads:

> (3.1) ADDITIONAL RENT: In addition to Basic Monthly Rent, *Tenant shall pay all as Additional Rent other amounts as and when hereinafter provided in the lease.* Basic Monthly Rent and Additional Rent are sometimes hereinafter collectively referred to as the "Rent". (Emphasis added).

Although the caption under which Exhibit "B" appears, reads like the heading of a promissory note, Article 35 of the lease provides that:

> The headings of the several articles and sections contained herein are for convenience only and do not define, limit or construe the contents thereof.

Consequently, the definition of additional rent under Article 3.1 controls resolution of the issue in this case rather than the caption to Exhibit "B". For that reason, sums due under Exhibit "B" must be construed as rent.

Carol Janet nevertheless argues that only the amounts payable under Article 3 of the lease constitute rent. However, Article (3.7) of the lease provides that:

> All amounts payable by Tenant to Landlord pursuant to this Article (3) or any other provisions of this Lease shall be deemed Additional Rent ....

Hence, additional rent includes but is not limited to the following:

1. Late payment and interest charges. Article (3.2).

2. Reasonable costs for labor and materials for the replacement of fluorescent tubes and ballasts in Landlord's building. Article (5).

3. Cost of electric current and water furnished to the tenant's premises. Article (5).

The court also notes that Article 37 of the lease expressly conditions the lease upon the lease rider and exhibits attached to the lease. Consequently, additional rent unquestionably includes the payment required by Exhibit "B". This conclusion is further supported by Article 9 of the lease which deals with alterations and improvements. It reads:

> All such alterations, additions or improvements shall become the property of Landlord and shall be surrendered with the Premises, as a part thereof ....

This provision unequivocally shows that the leasehold improvements provided for by Exhibit "B" are property of the Grand Avenue. Therefore, Carol Janet is renting the improved leasehold and the payments due the Grand Avenue must be considered rent.

In disposing with Carol Janet's argument that the lease and Exhibit "B" are separate and distinct contracts with separate and distinct obligations, the court followed the case of *O'Leary v. Sterling Extruder Corporation*, 533 F.Supp. 1205 (E.D.Wis.1982). There Judge Evans set out the standard which governs whether there are two contracts or one as follows:

> As a general rule, instruments which are executed at the same time by the same contracting parties, for the same purpose, and in the course of the same transaction will be construed together as if one contract. *James Talcott, Inc. v. P. & J. Contracting Co.*, 27 Wis.2d 68, 76, [133] N.W.2d 473 (1965). Where the instruments relate to different subjects, however, or where they do not have the same object, the agreements are not to be viewed as one. *Brest v. Maenat Realty Co.*, 245 Wis. 631, 635, 15 N.W.2d 798 (1944).

In the case at bar, the lease and Exhibit "B" were executed as part of one transaction and relate to the same purpose—use and occupancy of the improved leasehold premises. And so, based upon the standard articulated in *O'Leary v. Sterling Extruder Corporation,* the court has concluded that Exhibit "B" is part of Carol Janet's lease rather than a separate contract.

In view of the foregoing, the court may now consider whether Grand Avenue is entitled to relief from the automatic stay or immediate possession of the premises. For that reason, the parties are ordered to appear before the court for a scheduling conference on Tuesday, June 18, 1985, at 11:30 a.m., Room 247, U.S. Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.